[No. 1151.  Decided December 22, 1893.]

## THE STATE OF WASHINGTON, *Respondent*, v. EDMUND BRODIE AND THOMAS ANDREWS, *Appellants*.

CRIMINAL LAW — DISCHARGE OF ACCUSED FOR WANT OF TRIAL.

Where a person charged with crime has been arrested and confined in jail without trial for a period of more than sixty days, he is entitled to a discharge under Code Proc., § 1369, where the only reason for failure to try him was that no term of court for which a jury had been called had been in session since the filing of the information. (HOYT, J., dissents.)

*Appeal from Superior Court, Skagit County.*

*H. D. Allison*, for appellants.

*George A. Joiner*, Prosecuting Attorney, for The State.

The opinion of the court was delivered by

SCOTT, J.— On the 11th day of September, 1893, the defendants were arrested on a charge of grand larceny and were, by a justice of the peace of Skagit county, upon an examination held by him on the 13th day of September, bound over to the next term of the superior court for trial. On the 18th day of said month the prosecuting attorney of said county filed an information against them accusing them of said crime. Said defendants were unable at all times to give bonds, and since said 13th day of September have been confined in the county jail of said county. Not having been brought to trial on said charge, and more than sixty days having elapsed since said information was filed against them, they petitioned for a writ of *habeas corpus* to obtain their discharge.

The petition sets up the facts above stated, and that the trial had not been postponed upon their application, and that they had not caused the delay thereof, but that they had at all times been ready and willing for trial upon the

charge aforesaid; that a jury term of the superior court for said county should have been held on the fourth Monday of September, and that another jury term of said court should have been held the first Monday of December in said year; that both of said times had passed since they had been informed against, and that no such jury had been called, and that no cause for delay or failure to call the same had been filed or placed of record, but that the court had postponed the calling of such jury from time to time without any sufficient cause therefor having been shown; and they also moved for a discharge under § 1369, Code Proc.

The prosecuting attorney of said county demurred to the petition of the defendants, and on the 7th day of December, 1893, the same coming on for hearing, the court sustained said demurrer and denied the motion of the defendants for a discharge. Whereupon the defendants appealed.

The order denying the motion recites substantially that the prosecuting attorney had not, in behalf of the state, asked for any continuance of said action, but had always been ready for trial, but that said cause had not been tried for the reason that no term of court for which a jury had been called had been in session in said county since the filing of the information.

As the record stands, we are of the opinion that no sufficient cause appears for not having brought the defendants to trial, and in the absence of such cause they were entitled to their discharge under said section. The failure to call a jury, without any good reason being made apparent why one was not called, was not sufficient to warrant holding them in custody beyond the time specified in said section.

Reversed, and remanded with a direction to discharge the defendants.

DUNBAR, C. J., and STILES and ANDERS, JJ., concur.

HOYT, J. (*dissenting*).— I am unable to concur in the foregoing opinion — *First:* Because I think that the section of the code upon which the appellants found their right to a discharge must be construed reasonably, and that when so construed it cannot be held thereunder that it is the duty of a court to call a jury, and put the county to the expense incident thereto, for the express purpose of trying a single person, regardless of the nature of the crime of which he is accused. In my opinion, the fact that in the regular course of the business of a court the judge has found that it was not necessary that there should be a jury called is a sufficient reason for not bringing the accused to trial as provided for in the section under consideration. If it should be made to appear that the court had willfully and wantonly refused to call a jury, a different question might be presented, but until some such showing is made, his action in regard thereto must be held to have been in good faith, and that the absence of a jury under such circumstances could not be held to constitute any default on the part of the county, or the prosecuting officers, and, since the accused could not be tried without the attendance of a jury, the fact that the court was in the regular course of its administration without one would constitute good cause for not bringing the accused to trial within the meaning of the section above referred to. *Second:* In my opinion, the most that could be done in the case at bar, even in the light of the construction put upon said section by the majority of the court, would be to reverse the action of the lower court and remand the case with instructions to overrule the demurrer and allow the prosecuting attorney to file an answer to the petition. That such would be the regular course is conceded by the majority, but on account of some loose recitals in the order made by the court at the time it overruled the demurrer, they hold that an exceptional case is presented, which war-

rants the discharge of the appellants.    In my opinion, the recitals in said order are no proper part thereof, and should not be held to be binding upon the prosecuting attorney. His demurrer having been sustained, he, of course, no longer paid any attention to the matter, and such recitals should not preclude him from making further defense in the event of such demurrer being overruled.