```
113   283
s116 385
```

</div>

[Crim. No. 103.   Department Two.—June 17, 1896.]

THE PEOPLE, RESPONDENT, v. ED. WICKHAM, APPELLANT.

CRIMINAL LAW—FILING INFORMATION—DISMISSAL OF PROSECUTION.—Under section 1382 of the Penal Code, the prosecution of a defendant who has been held to answer, by a committing magistrate, for a criminal offense, must be dismissed, if no information is filed against him within thirty days after the commitment, and no good cause for the contrary is shown by the people.

ID.—FAILURE OF MAGISTRATE TO RETURN PAPERS.—The fact that the papers in the case were retained by the committing magistrate, and were not returned to or filed in the office of the clerk within the thirty days, did not prevent the filing of the information or constitute good cause against the dismissal of the prosecution.

APPEAL from a judgment of the Superior Court of Alameda County.   A. L. FRICK, Judge.

The facts are stated in the opinion.

*W. F. Aram*, for Appellant.

*W. F. Fitzgerald*, Attorney General, and *Charles H. Jackson*, Deputy Attorney General, for Respondent.

BELCHER, C.—This is an appeal from a judgment made and entered in the superior court of Alameda

county, convicting the defendant of the crime of embezzlement.

The only point made for a reversal is that the court erred in denying defendant's motion to dismiss the prosecution upon the ground that the information against him was not filed within thirty days after he was held to answer.

The constitution provides that a party accused of crime "shall have the right to a speedy and public trial." (Const., art. 1, sec. 13.) And the Penal Code provides:

"Sec. 809. When a defendant has been examined and committed, as provided in section 872 of this code, it shall be the duty of the district attorney, within thirty days thereafter, to file in the superior court of the county in which the offense is triable an information," etc.

"Sec. 1382. The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases: 1. When a person has been held to answer for a public offense, if an indictment is not found or an information filed against him within thirty days thereafter; 2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within sixty days after the finding of the indictment or filing of the information."

It appears from the bill of exceptions that the defendant was examined before a committing magistrate upon a charge of embezzlement, and that an order holding him to answer before the superior court of Alameda county for the said offense was made and indorsed on the deposition by the magistrate on June 25, 1895; that the complaint, depositions, etc., remained in the custody and possession of the said magistrate until August 1, 1895, when they were returned to and filed in the office of the clerk of said court; that the information against the defendant was filed by the district attorney on August 21, 1895, and on that day the defendant moved the court to dismiss the prosecution because the information was not filed within the thirty days' time required by

·the statute, and that the only cause shown by the district attorney why the information was not filed within the time prescribed was that the said papers were not filed by the magistrate until August 1st.

It further appears that the defendant at the hearing of his motion offered to prove that a deputy district attorney of the county attended the said examination and conducted the same on the part of the people, and heard the order made holding the defendant to answer, but the court refused to hear the offered evidence, and thereupon denied defendant's motion, to which ruling he excepted.

It was the duty of the magistrate to return to the clerk of the court the papers in the case "without delay" (Pen. Code, sec. 883), and if no cause existed, other than appears in the record, for his failure to return them earlier than he did, he was guilty of inexcusable negligence. It was not, however, necessary that the papers be returned before an information could be filed. (*People* v. *Riley*, 65 Cal. 107; *People* v. *Ah Sing*, 95 Cal. 657.)

If there was any good cause for not filing the information sooner, the burden was on the prosecution to show it; but the mere fact that the papers were not returned by the magistrate did not constitute such cause.

In *People* v. *Morino*, 85 Cal. 515, the motion to dismiss the prosecution was made under the second subdivision of section 1382 of the Penal Code. It was said: "The statute is imperative. 'The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed.' Here no cause for delay was shown. It was enough for the defendant to show that the time fixed by the statute, after information filed, had expired, and that the case had not been postponed on his application. If there was any good cause for holding him for a longer time without a trial, it was for the prosecution to show it. The court could not presume it. Under the facts as shown the case should have been dismissed, and it was error to deny the motion."

The decision in that case is applicable to this, and it

follows that, upon the showing made, the court below should have granted the defendant's motion and dismissed the prosecution against him.

The judgment should be reversed, and the court below directed to dismiss the prosecution, unless upon a further hearing good cause is shown for the failure to file the information within the time prescribed by the statute.

BRITT, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed, and the court below directed to dismiss the prosecution, unless upon a further hearing good cause is shown for the failure to file the information within the time prescribed by the statute.

HENSHAW, J., McFARLAND, J., TEMPLE, J.