## V. J. LANE v. THE STATE OF KANSAS.
### No. 247.

RECOGNIZANCE—*certain, held not a continuing bond.* "The conditions of this recognizance are such that, if the above bounden, Isaac H. LaVeen, shall personally be and appear before the District Court in and for said County of Wyandotte, on the first day of the next term thereof, it being the second day of June, 1890, then and there to answer the charge of having at the county of Wyandotte and State of Kansas, on or about the thirteenth day of April, A. D. 1890, committed the crime of ———, and abide the order of such court and not to depart without leave, then this recognizance shall be void; otherwise it shall be and remain in full force and effect in law." *Held*, that a criminal recognizance conditioned as above is not a continuing bond, and that the surety is entitled to be discharged at the end of the term designated therein.

Error from Wyandotte Court of Common Pleas. Hon. T. P. Anderson, Judge. Opinion filed November 5, 1897. *Reversed.*

I. H. LaVeen was arrested, charged with criminal
libel. April 29, 1890, he made application to the Dis-
trict Court of Wyandotte County to be released from
custody upon giving bond for his appearance to
answer the pending charge. The court thereupon
ordered, ''that the defendant be required to enter
into a recognizance in the sum of one thousand dol-
lars, payable to the State of Kansas, with good and
sufficient surety, for his appearance before the said
District Court of Wyandotte County, Kansas, on the
first day of the next term thereof, to wit: the June
term, 1890, to answer to the charge hereinbefore men-
tioned, and not to depart therefrom without leave.''
In pursuance of such order, LaVeen as principal and
V. J. Lane as surety made the following recognizance :

" We, Isaac H. LaVeen as principal, and V. J. Lane
as surety, jointly and severally acknowledge ourselves
to owe and be indebted to the State of Kansas in the
sum of one thousand dollars, to be levied of our goods
and chattels, lands and tenements, if default be made
in the conditions following, to wit: The conditions of
this recognizance are such that if the above bounden,
Isaac H. LaVeen, shall personally be and appear be-
fore the District Court in and for said county of Wy-
andotte, on the first day of the next term thereof, it
being the second day of June, 1890, then and there to
answer the charge of having at the county of Wyan-
dotte and State of Kansas, on or about the thirteenth
day of April, A. D. 1890, committed the crime of
————, and abide the order of such court and not to
depart without leave, then this recognizance shall be
void ; otherwise it shall be and remain in full force
and effect in law.''

LaVeen was released from custody. He appeared
at the June term, 1890, and on his application the
case against him was continued to the September

108          LANE v. THE STATE.

N. Dept.          Opinion.  McElroy, J.          6 Kan. App.

term and bond for his appearance at that time fixed
at one thousand dollars, but no further bond given.
LaVeen did not appear in September, and the re-
cognizance set out above was declared forfeited.    This
suit was brought on the forfeited recognizance.    Judg-
ment was rendered below for the State, from which
the defendant prosecutes error.    The petition averred
substantially the above facts, and also that Lane, as
surety for LaVeen, had failed, without excuse, to pro-
duce his principal in court.

*Getty & Hutchings* and *Nathan Cree*, for plaintiff in
error.

*S. C. Miller* and *I. F. Bradley*, for the State.

McElroy, J.    The petition does not state a cause
of action, and the judgment is contrary to law.    The
court ordered, "that the defendant be required to
enter into a recognizance    .    .    .    for his appearance
before the said District Court in Wyandotte County,
Kansas, on the first day of the next term thereof, to
wit: the June term, 1890, to answer to the charge
hereinbefore mentioned, and not to depart therefrom
without leave."    The sheriff inserted in the bond the
words "and abide the order of the court."    This was a
condition exacted which was not authorized by "the
order of the court" nor by "the statute," and we will,
therefore, have to treat it as void and of no effect.

The only material question in this case is, Did the
defendant appear and satisfy the conditions of his
recognizance?    No complaint is made as to any failure
on the part of the defendant LaVeen in not appear-
ing and remaining during the June term of court, 1890.
The real question is, therefore, whether or not this
bond is a continuing bond.    It is the duty of the court,

LANE v. THE STATE. 109

Nov. 5, 1897.        Opinion.   McElroy, J.                E. Div.

at each term, to order the amount in which persons charged by indictment or information are to be held to bail, and the clerk must indorse the amount on the warrant.

Paragraph 5217, General Statutes of 1889, reads: "If, without sufficient excuse, the defendant neglect to appear for trial or judgment, or upon any other occasion when his presence in court may be lawfully required, according to the condition of his recognizance, the court must direct the fact to be entered upon its minutes, and the recognizance of bail, or money deposited as bail, as the case may be, is thereupon forfeited."

The obligation of the surety on this recognizance was that the defendant should personally be and appear before said court in said county on the first day of the next term thereof, it being the second day of June, 1890, then and there to answer to the charge set out against him, and not depart without leave; that is, that the defendant should be in attendance at said term until the end thereof, unless sooner discharged, and after the end of said term no liability would exist against his surety. Where the recognizance is conditioned for the appearance of the accused at the next term, and contains nothing about succeeding sessions, the surety is entitled to be discharged at the end of the term.

The judgment will be reversed, and the cause remanded with instructions to the court to grant a new trial.