[No. 4328.   Decided June 23, 1904.]

THE STATE OF WASHINGTON, *Respondent,* v. W. A. LEWIS *et al., Appellants.*[1]

APPEAL—BRIEFS—TITLE OF CASE—SUFFICIENCY.   The appellants' brief will not be struck out on motion of the respondent on account of error in the title of the case, where the notice of appeal and appeal bond were correctly entitled and gave the supreme court jurisdiction, and the respondent entitled its brief in the same style and was not misled or prejudiced.

APPEAL—DISMISSAL—WITHDRAWAL OF CO-PARTY.   An appeal will not be dismissed because one of the co-appellants withdrew his appeal.

CRIMINAL LAW—INFORMATION—TIME FOR FILING—DISMISSAL OF PROSECUTION AFTER THIRTY DAYS.   Where the accused, after

[1]Reported in 77 Pac. 198.

being held to answer to the superior court by a justice of the peace, gives a bail bond for his appearance, and no information is filed against him for thirty days, as required by Bal. Code, § 6910, the prosecution must be dismissed unless good cause for the delay is shown, and the burden of showing such cause is upon the state.

SAME — BAIL — RELEASE OF SURETIES — FAILURE TO PROSECUTE WITHIN TIME PRESCRIBED—DISMISSAL OF PROSECUTION WITHOUT PRESENCE OF DEFENDANT. Where the accused on being held to answer by a justice of the peace, gave a bail bond conditioned for his presence in the superior court when required, and no information was filed against him within thirty days and he was not brought to trial within sixty days, pursuant to Bal. Code, §§ 6910, 6911, and no cause for such delay is shown by the state, the sureties are released; and it is error to enter judgment on the bail bond and to deny the sureties' motion to dismiss the prosecution because they fail to produce the defendant in court at the time the motion is made, especially when the prosecution is subsequently dismissed upon a motion confessed by the state, showing that the state had no case against the defendant.

Appeal from a judgment of the superior court for Spokane county, Richardson, J., entered October 14, 1901, against sureties upon a bail bond, upon the motion of the state, after the failure of the accused to appear. Reversed.

*William O. Lewis* and *George M. Nethercutt* (*W. M. Murray* and *T. C. Griffitts,* of counsel), for appellants.

*Horace Kimball* and *Miles Poindexter,* for respondent.

PER CURIAM.—On May 24, 1901, W. A. Lewis, waiving preliminary examination before a justice of the peace, was held to answer to the superior court of Spokane county, on the charge of embezzlement. On May 25, 1901, W. A. Lewis, as principal, and E. F. Boyles, Otto Bringgold, M. L. Lewis, H. G. Brown, and Harry Green, as sureties, entered into a bail bond or recognizance to the

state of Washington, in the penal sum of $3,000, for the appearance of said Lewis before the superior court. This instrument contained the following conditions: "Now, therefore, if the said W. A. Lewis shall be and appear in said superior court aforesaid at the city of Spokane, to answer the said charge whenever it shall be prosecuted, and, at all times required until discharged according to law, render himself amenable to the orders and process of the said superior court, then, this obligation to be void and of no effect, otherwise to be and remain in full force, virtue and effect." This bail bond was approved by the justice May 31, 1901. The certified transcript of the justice of the peace and the bond were filed in the clerk's office of the superior court on June 13, 1901.

On the 25th day of June, 1901, the defendant, W. A. Lewis, appeared in person, and made and filed his motion in said court to dismiss such prosecution. Such motion, omitting title, is as follows:

"Comes now the defendant in the above entitled action and appearing in his own proper person, and in open court makes this motion, and files the same with the clerk and moves the court: That the above entitled action and the prosecution thereof, be by the court dismissed, upon the following grounds, to wit: That on the twenty-fourth day of May, A. D. 1901, the defendant was, by H. L. Kennan, a justice of the peace in and for Spokane county and precinct, held to answer the charge of larceny by embezzlement, theretofore preferred against him in the said justice court, and the proceedings therein were, by the said justice, duly certified and returned to the clerk of the above entitled court wherein the above entitled and said action ever since has been and now is pending, and more than thirty days have elapsed since the defendant was held to answer as aforesaid, and no indictment has been found, and no information has been filed, against him within thirty days or at all. Wherefore the defendant demands that this

action, and the prosecution thereof, be dismissed and he go hence without day, and that his bond be exonerated and his bondsmen discharged of and from any, all and further liability thereon. This motion is made upon the record, pleadings, files, and papers in this action, and upon the annexed affidavit."

This motion was accompanied by an affidavit on the part of Lewis purporting to substantiate the grounds thereof, and which alleges:

"That this defendant has called the attention of Horace Kimball [prosecuting attorney] to this matter at divers times, the last time being Saturday, June 22, 1901, at which time this affiant informed the said Horace Kimball that he had been waiting here at Spokane for over four weeks to answer any information that might be filed against him in the premises, and that this affiant had business interests elsewhere, which demanded his attention, and that it would be very inconvenient for this affiant to wait longer than Monday, the 24th day of June, A. D. 1901, for the said Kimball to take action in the premises."

On the 27th day of June, 1901, defendant Lewis filed his affidavit in the above prosecution, that on the 25th day of June, 1901, he personally served upon Horace Kimball, at the city of Spokane, true copies of such motion and affidavit. The record further shows that defendant Lewis, on the 26th day of June, 1901, served upon the prosecuting attorney a written notice, stating "that the defendant has called your attention thereto at divers times during the last month, the last time being Saturday, June 22, 1901, and at all times told and informed you he was ready to plead and dispose of the said action at the earliest possible time."

On September 23, 1901, no indictment having been found nor information filed against defendant, W. A. Lewis, this cause came on for hearing in the court below

on motion of defendant to dismiss the prosecution. The order thereon recites that the court was of the opinion that the presence of defendant was necessary at such hearing, and thereupon "ordered that bench warrant issue forthwith for the arrest of the defendant W. A. Lewis, and that he be brought before the court at 9:30 A. M. tomorrow, to wit, Tuesday, September 24, 1901, to which time the hearing of this motion is adjourned." On September 26, 1901, this motion was again called up in the superior court, when the sheriff of Spokane county reported in open court that he had made diligent search for defendant, Lewis, and could not find him. The hearing of this motion for dismissal was continued from time to time, on account of the absence of such defendant, until October 10, 1901, when the motion again came on for hearing in the lower court, the defendant appearing by his counsel, Messrs. W. S. Lewis and Frank H. Graves. The court below at that time ordered that the hearing of this motion be continued till the defendant should be personally present in court. The defendant, by his counsel, excepted to this order.

On October 9, 1901, the prosecution, without making any showing, filed in the court below an information, charging defendant, Lewis, with the crime for which he was held by the justice of the peace on May 24, 1901, and October 14, 1901, was the time set for the arraignment of defendant on such charge. On October 10, 1901, the prosecution was granted leave to withdraw its motion to forfeit the above bail bond. On October 14, 1901, the defendant, by W. S. Lewis, insisted on the hearing of the motion to dismiss the prosecution, and also moved a discharge of the bail bond as against the principal and sureties thereon, on substantially the same grounds as stated in the defendant's motion to dismiss.

On the day last named, on motion of plaintiff (the state of Washington), the court below, on default of defendant W. A. Lewis to appear personally and answer such charge, rendered judgment against defendant for $3,000, and against the sureties in the amounts following: M. L. Lewis, for $1,000; E. F. Boyles, $500; Otto Bringgold, $500; Harry Green, $500, and H. G. Brown, in the sum of $500. The defendant and appealing sureties excepted to the entry of this judgment. On the 2d day of December, 1901, the motion to dismiss the prosecution came on for hearing in the superior court, and the prosecution confessed this motion, which was granted, the action was dismissed, and the defendant was discharged from custody. He did not appear personally at this hearing, but was represented by counsel. The sureties, E. F. Boyles, M. L. Lewis, H. G. Brown, and Otto Bringgold, appeal from this judgment, which was entered herein on October 14, 1901. H. G. Brown afterwards withdrew from such appeal.

The respondent moves to strike from the files herein appellants' opening brief, for the reason that neither such brief, the appeal bond, "nor any of the papers in the said appeal, after the notice of appeal had been given and served, are entitled as required by statute and by rule of this court." Respondent also moves the dismissal of the appeal of H. G. Brown, on account of his withdrawal of the same as above noted.

No question is raised by respondent as to the correctness of the title of the cause in the notice of appeal, which is as follows: "In the superior court of the state of Washington in and for the county of Spokane. The State of Washington vs. W. A. Lewis, Harry Green, E. F. Boyles, M. L. Lewis, H. G. Brown, and Otto Bringgold, sureties, on bail bond." On the appeal bond the title of the cause is iden-

tical down to and including the name of "W. A. Lewis;"
then follows the words and names, "defendant, Harry
Green, E. F. Boyles, M. L. Lewis, H. G. Brown, and Otto
Bringgold, sureties on bond or recognizance of defendant."
We think, unquestionably, that the notice of appeal and
bond are sufficient to give this court jurisdiction. Respond-
ent's counsel do not claim to have been misled or prejudiced
by the action of appellants in the premises. The state has
entitled its brief in the same manner and style as that of
appellants. Sec. 6535, Bal. Code, provides: "The su-
preme court shall hear and determine all causes removed
thereto in the manner hereinbefore provided, upon the
merits thereof, disregarding all technicalities, and shall
upon the hearing consider all amendments which could
have been made as made." The withdrawal of H. G.
Brown, as one of the appealing parties, cannot work to the
prejudice of the other appellants in the present controversy.
The motions to strike and to dismiss the appeal are there-
fore denied.

The assignments of error present the single proposition
of law for our consideration: Were the proceedings, had
in the court below, regular and valid with regard to the
forfeiture of the above bail bond, and in rendering judg-
ment in the case at bar against the appellants now before
the court? Section 6910, Bal. Code, provides:

"When a person has been held to answer, if an indict-
ment be not found or information filed against him within
thirty days, the court must order the prosecution to be dis-
missed, unless good cause to the contrary be shown."

The next section, 6911, further provides:

"If a defendant indicted or informed against for an
offense, whose trial has not been postponed upon his ap-
plication, be not brought to trial within sixty days after the
indictment is found or the information filed, the court must

order it to be dismissed, unless good cause to the contrary be shown."

This court, in *State v. Brodie,* 7 Wash. 442, 35 Pac. 137, while having the latter section under consideration, used the following language:

"As the record stands, we are of the opinion that no sufficient cause appears for not having brought the defendants to trial, and in the absence of such cause they were entitled to their discharge under said section. The failure to call a jury, without any good reason being made apparent why one was not called, was not sufficient to warrant holding them in custody beyond the time specified in said section."

The same line of reasoning when applied to the above section, 6910, clearly implies that the provisions of this section are mandatory; that, "if an indictment be not found or information filed against him [the defendant] within thirty days, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown;" that such cause should appear, or be shown by, the record, unless waived in some manner by the defendant or accused. In other words, when the indictment shall not have been found, nor information filed, within the thirty days after the defendant has been held to answer a criminal charge, the prosecution must assume the burden of showing a reasonable excuse or justification for its omission so to do. Otherwise, the defendant is entitled to his discharge, and a dismissal of the prosecution, as a matter of right.

When it shall have been determined that such right to discharge and dismissal exists in defendant's behalf, it would seem to logically follow that this right inures to the advantage of the sureties on the defendant's bail bond. The above sections contained in Ballinger's Code are substantially identical with § 1382 of the California Penal

Code. In *People v. Wickham*, 113 Cal. 283, 48 Pac. 123, defendant was convicted in the trial court of embezzlement, and appealed. In the opinion the following language is used: "The only point made for a reversal is that the court erred in denying defendant's motion to dismiss the prosecution upon the ground that the information against him was not filed within thirty days after he was held to answer." The court held in this case that, "if there was any good cause for not filing the information sooner, the burden was on the prosecution to show it." The judgment of conviction was reversed for want of such showing in the record. There are authorities holding that, where a bail bond has been executed by a defendant and sureties, conditioned that the principal shall appear at the next term of the court named in the instrument, to answer a criminal charge, and continuances are had from term to term without the finding of any indictment or the presentment of any information against the principal, such delays are sufficient in law to release the sureties from liability on the recognizance. *Rogers v. State,* 79 Ala. 59; *Jones v. State,* 11 Tex. App. 412; *Lane v. State,* 6 Kan. App. 106, 50 Pac. 905.

Bail bonds should be construed with reference to the laws of the sovereign jurisdiction where given. While the liability of the principal and sureties is to be measured by the terms of the bond, the obligors, especially the sureties, have the right to expect and insist that the prosecution observe the mandates of the statute. While the defendant Lewis in the case at bar may not have had sufficient excuse or justification to absent himself from the jurisdiction of the trial court, still such conduct did not excuse the prosecution in neglecting to perform a positive duty, enjoined

by the provisions of § 6910, Bal. Code, to either file an information within the thirty days as therein provided, or show good cause for the delay in that particular. The record fails to show any good cause for the neglect, on the part of the state, to file the information until October 9, 1901, more than three months after the expiration of the time limited. If the state can omit the performance of so important a duty for three months, why may it not do so for six months, or for an indefinite period, and in the meantime insist upon the forfeiture of defendant's recognizance? We cannot conceive this to be the law. True, the sureties may seize the person of their principal and surrender him into the custody of the law, and thus exempt themselves from future liability. Still, we think that they should not be mulcted, simply because they omitted so to do, having acted on the presumption that the prosecution would discharge its duties as required by the statute, or that otherwise it had elected to abandon such prosecution.

The following language is found in the brief of the learned counsel for respondent:

"The dismissal of the prosecution does not necessarily follow the failure to file an information within thirty days, and is not an absolute right, but 'good cause to the contrary may be shown,' . . . Defendant's sureties had no right to suppose either that they were exonerated or that the prosecution would be dismissed because an information was not filed within 30 days. This was a matter which could only be determined upon a hearing, when the prosecution might have shown 'good cause to the contrary.'"

But, as we view the record of the judgment entered on December 2, 1901, wherein the prosecution confessed defendant Lewis' motion of June 24, 1901, in open court, which was granted, judgment of dismissal was thereupon entered, and the defendant ordered discharged from cus-

tody.  In our opinion, this entry is a very significant fea-
ture in the present controversy.  It shows on the face of the
record, in the absence of any explanation, that, at the time
the above motion was made, June 24, 1901, the prosecu-
tion had no case against the principal, Lewis, and had no
right to hold him further in these proceedings; that he
(Lewis) was then entitled to his discharge.  In view of
these facts, we think that it would be illegal and inequit-
able to uphold the judgment of the court below against
these sureties who are now before this court insisting upon
their legal rights; that such judgment should be reversed,
and the proceedings ordered dismissed as against these ap-
pellants.