[No. 22402. Department One. September 3, 1930.]

THE STATE OF WASHINGTON, *Respondent*, v. J. J. VUKICH *et al., Appellants*.[1]

[1]Reported in 290 Pac. 992.

*Geo. D. Abel* and *O. M. Nelson,* for appellants.
*Austin M. Wade* and *A. P. Wilson,* for respondent.

BEALS, J.—Defendants Vukich, Sisevic and Grubisha, having been informed against as jointists, appeal from the judgment and sentence entered against them upon the verdict of a jury. They assign many errors, only a few of which need be noticed.

The information against appellants was filed June 7, 1929, the same day on which they were arrested. No further proceedings having been taken in the action, and more than sixty days having elapsed from the filing of the information, appellants moved to dismiss the proceeding, which motions were denied. Thereafter appellants again moved to dismiss, and their motions were again denied. September 5, 1929, appellants again moved to dismiss, alleging that the proceeding against them had not been diligently prosecuted, and that they had not been brought to trial within sixty days from the filing of the information. The trial court again denied appellants' motion, and the trial was soon thereafter had.

364

Appellants assign error upon the refusal of the trial court to dismiss the proceeding after sixty days had elapsed from the date of the filing of the information and the appellants had not been brought to trial. It appears that no jury was on duty in connection with the court before which the prosecution against appellants was pending during the months of July and August, or until after the 16th day of September. Appellants had been admitted to bail, and, under the circumstances disclosed by the record, we conclude that the ruling of the trial court upon appellants' motion to dismiss was not erroneous, the court having concluded that good cause for the delay had been shown. The constitutional guaranty against unnecessary delay in the administration of justice (article I, § 10, Constitution of the state of Washington) was not, in this case, violated.

Appellants moved for separate trials, which motion was, by the court, denied. We find that appellants' assignment of error based upon this action by the trial court is without merit.

Immediately after the jury had been impaneled and sworn, and in the presence of the jury, the court asked the parties, collectively, whether or not they were willing to stipulate that the jurors separate during the course of the trial, this matter having also been the subject of some further conversation between the court and counsel, all in the presence of the jury, the transcript of the testimony not disclosing what agreement was made concerning the matter.

It was certainly improper to discuss this question in the presence of the jury and put appellants in the position of either consenting, possibly unwillingly, to the separation of the jury during the trial, or of making the jurors aware that the appellants objected to such separation. Counsel for respondent replied im-

mediately to the court's question by stating that the state was willing that the jury should separate. This placed the appellants in an embarrassing situation, and subjected them to a burden which the defendant in a criminal prosecution should not be called upon to assume. The matter of the separation or nonseparation of the jury during the course of a criminal trial should always be adjusted in such a manner that the attention of the jury is not drawn to the fact that this question has been submitted to the parties, particularly to the defendant, thereby placing him in the embarrassing position of being required to either consent to a separation of the jury, which he may feel is inimical to his interests, or advising the jury that the fact that they are not allowed to separate is due to the refusal of the defendant to consent thereto. Whether or not the conduct of the trial court in this instance constituted reversible error, it is not necessary to determine, as we conclude that the judgment appealed from must be reversed on account of another error committed during the course of the trial.

At the close of the state's case, appellants moved to dismiss the action because of alleged insufficient evidence to go to the jury, and at the close of all the testimony in the case, the appellants moved for a directed verdict of not guilty, error being assigned upon the denial of these motions.

An examination of the record convinces us that sufficient testimony had been introduced to require the denial of appellants' motion to dismiss at the close of the state's case, and we are satisfied that, at the close of all the evidence, questions were presented which, under the law, were properly submitted to the jury for their determination.

A serious question is presented by appellants' assignment of error based upon the failure of the trial

court to instruct the jury upon the question of what constitutes a reasonable doubt. It appears that the state, in submitting its proposed instructions to the court, included therein an instruction upon the question of reasonable doubt, and it also appears that appellants requested an instruction upon this matter. The trial court failed, undoubtedly through inadvertence, to give either instruction, marking appellants' instruction upon this point, "refused and exception allowed," and then omitting to give the instruction requested by the state. Appellants expressly excepted to the failure of the trial court to give their proposed instruction upon the question of reasonable doubt, and in their exception called the court's attention to the fact that no instruction upon that matter had been included in the court's charge to the jury. Counsel for respondent argued that the court did not refuse to give this instruction, but unintentionally omitted to do so.

The answer to this argument is that the effect of the failure to give the instruction was the same, whether the omission was intentional or inadvertent. We do not see how it can be contended that a failure to give a proper instruction due to an oversight does not constitute prejudicial error, when that same failure, if intentional (always assuming that a proper exception is preserved) would constitute such error, as the net result is the same in both cases. In the case at bar, the attention of the trial court was directly called to its omission by a specific exception on the part of appellants, and an opportunity was thereby afforded for the correction by the trial court of its inadvertent omission. No such correction was made, and, appellants having fully preserved their record, we conclude that this assignment of error is well taken, and that, because of the failure of the trial court to

instruct upon this question, a new trial must be granted. Our conclusion is supported by the following decisions of this court:

In the case of *State v. Ross*, 85 Wash. 218, 147 Pac. 1149, it was stated that "Ordinarily a charge in a criminal case should contain instructions upon the subject of the presumption of innocence and reasonable doubt." In that case, the failure of the court to instruct as to presumption of innocence was held not reversible error, as counsel for the defendant had failed to except to the failure of the court to so instruct or to call the court's attention to what was manifestly an inadvertent omission. In the case cited, it is also true that no instruction upon the matter of the presumption of innocence had been requested.

In the later case of *State v. Herwitz*, 109 Wash. 153, 186 Pac. 290, the refusal of the court to instruct the jury that a reasonable doubt could arise from a lack of evidence as well as from the evidence given to the jury was held erroneous. The court did instruct the jury as to the meaning of the phrase "reasonable doubt," but failed to give the further instruction requested by the defendant.

Respondent contends that, in view of certain other instructions of the court, the failure of the court to define the words "reasonable doubt" does not constitute reversible error. The instructions relied upon by respondent are those in which the words "reasonable doubt" were used. It would seem that the more frequently this phrase was used in the instructions, the greater the necessity for a proper definition thereof. Whatever ruling might be made in a case where an appellant had not requested an instruction upon this point, or excepted to the failure of the court to give any such instruction, it must be held that, upon the record

now before us, the assignment of error made by appellants upon this question is well taken.

On account of the error referred to, the judgment appealed from is reversed, with instructions to the trial court to grant appellants a new trial.

MITCHELL, C. J., TOLMAN, FULLERTON, and MILLARD, JJ., concur.