[No. 29124. Department One. October 16, 1943.]

THE STATE OF WASHINGTON, *Respondent*, v. J. C. JENKINS, *Appellant.*[1]

*H. C. Brodie,* for appellant.

*John S. Lynch, Jr., Levy Johnson,* and *Harold Troy,* for respondent.

[1]Reported in 142 P. (2d) 263.

JEFFERS, J.—On October 16, 1942, the prosecuting attorney for Thurston county filed an information charging J. C. Jenkins with the crime of statutory rape. The information contained two counts, in the first of which the act was alleged to have been committed in Thurston county on or about October 1, 1941. The second count charged that the act was committed in Thurston county on or about October 4, 1942.

After defendant had been arrested, and on November 12, 1942, his attorney moved that the state be required to elect upon which count it would proceed. No other objection was made to the form of the information. This motion was by the court denied on December 21, 1942. On December 18, 1942, defendant moved that the information be dismissed, for the reason that he had not been brought to trial within sixty days after the filing of the information. On December 21st, the court entered an order denying the motion to dismiss, reciting therein:

"And it appearing to the court that no jury has been on duty in connection with the court since the date that the information was filed and that good cause is shown for the defendant not having been brought to trial since the information was filed, Now, therefore, it is

"ORDERED, ADJUDGED AND DECREED that the motion of the defendant be and it is hereby denied and the defendant is granted an exception."

Defendant entered a plea of not guilty, and a trial was had on March 18, 1943, which resulted in a verdict of guilty on both counts of the information. Motion for new trial was filed March 23, 1943, and denied May 10th. Judgment was entered on the verdict May 10th, and notice of appeal was given on May 11th.

Appellant makes the following assignments of error: The court erred in denying appellant's motion to require respondent to elect which of two counts in the information would be relied upon; in denying appellant's motion to dismiss for failure to bring to trial within sixty days; in failing to direct a dismissal for failure to prove penetration; in refusing to admit proposed exhibits 1 and 2; in denying

the motion for new trial; in refusing to grant the motion for new trial by reason of insufficiency of the evidence to sustain the verdict; in refusing to grant a motion for new trial by reason of remarks of the court in the trial tending to prejudice appellant before the jury; in refusing to grant a new trial by reason of inadequate representation of appellant at the trial; in imposing sentence following the verdict on each of the two counts; and in entering judgment on the verdict.

In order that we have some background for the events leading up to the acts charged in the information, a brief general statement will be made in regard to appellant and his family and the family of the complaining witness.

Appellant, his niece (the complaining witness), appellant's brother (to whom we shall refer as Lee), Eddie Byas, a brother of the complaining witness, Sallie Jenkins, grandmother of the complaining witness and the mother of appellant, and a Mrs. Duncan, are all negroes.

The complaining witness was born in Texas, June 14, 1927. Her mother, who was a sister of appellant, died May 2, 1939. Her father died prior to her mother's death. At the time of the mother's death, the family consisted of the complaining witness, then about eleven years of age, her brother Eddie, and appellant. After the mother's death, appellant assumed the control and custody of Eddie and his sister. Shortly after this, appellant and these two children began to travel. They first went to Arizona, where the children's Uncle Lee joined them; then to Montana, where the grandmother joined the family; and finally in 1940 they came to Bucoda, Washington, subsequently moving to a place near Olympia.

Mrs. Wilson, a sister of appellant, came out from St. Louis in the fall of 1942, and wanted to take the complaining witness back with her, but appellant would not permit this to be done.

The complaining witness testified that appellant began having sexual relations with her shortly after her mother's death, and that such relations continued at frequent inter-

vals all the time up to the arrest of appellant. There is testimony to the effect that during the travels of the family they usually occupied one room shacks, and that appellant and complaining witness would sleep together, and Eddie would sleep on the floor; that, even after Lee joined them, appellant, Lee, and complaining witness would occupy the bed, and Eddie would sleep outside the shack or on the floor. At the time of trial, appellant was thirty-eight years of age. Further reference will be made to the testimony as we proceed.

May we state here that counsel who represented appellant before this court did not participate in the trial, but was appointed by the court to represent appellant on appeal.

We shall take up the assignments of error in the order they are presented in appellant's brief.

■ It is first contended by appellant that the court erred in refusing to require the state to elect which of the two counts in the information would be relied upon. The state argues that these two counts were properly joined, under the authority of Rem. Rev. Stat., § 2059 [P. C. § 9272], which provides:

' "When there are several charges against any person, or persons, for the same act or transaction, or for two or more acts or transactions connected together, *or for two or more acts or transactions of the same class of crimes or offenses,* which may be properly joined, instead of having several indictments or informations the whole may be joined in one indictment, or information, in separate counts; . . ." (Italics ours.)

We are clearly of the opinion that the two counts in this information, charging as they do the same class of crimes, were properly joined. We have held a joinder was proper in the following cases:

*State v. Brunn* (on rehearing), 145 Wash. 435, 260 Pac. 990. The information contained twenty-six counts charging the forging and uttering of distinct instruments. *State v. Snyder,* 146 Wash. 391, 263 Pac. 180. The information contained two counts charging arson on different dates.

*State v. McCabe,* 146 Wash. 626, 264 Pac. 15. The informa-tion in this case contained two counts charging distinct crimes of robbery. *State v. Standish,* 14 Wn. (2d) 39, 127 P. (2d) 255. The information contained two counts charg-ing sodomy and one count charging carnal knowledge of a female child.

It is next argued that the court erred in denying appellant's motion to dismiss for failure to bring to trial within sixty days after the information was filed. The ap-plicable statute is Rem. Rev. Stat., § 2312 [P. C. § 9143], which provides:

"If a defendant indicted or informed against for an of-fense, whose trial has not been postponed upon his own application, be not brought to trial within sixty days after the indictment is found or the information filed, the court shall order it to be dismissed, unless good cause to the con-trary is shown."

This is a question often presented to the trial court, especially in the smaller counties, where the cases to be tried to a jury are frequently so few that the court does not feel justified in calling a jury every month or every two months. When a motion to dismiss for failure to bring to trial within sixty days is presented, and it is shown that the reason for the delay is that no jury has been in attendance, the court is always confronted with the cases of *State v. Brodie,* 7 Wash. 442, 35 Pac. 137, and *State v. Lewis,* 35 Wash. 261, 77 Pac. 198, and it is contended on behalf of the defendant that the fact that no jury has been called since the filing of the information is not a sufficient excuse for the delay.

Appellant states that the *Brodie* case, *supra,* has never been modified or overruled, and that it was cited with ap-proval in *State v. Lewis, supra.* Appellant's statement is true to this extent, that, in so far as we have been able to find, the *Brodie* case has never been cited or referred to in any subsequent case, other than the *Lewis* case.

However, we are unable to agree with counsel for appel-lant, that the rule laid down in the *Brodie* case has not at

least been modified by *State v. Vukich,* 158 Wash. 362, 290 Pac. 992, and *State v. Winchell,* 14 Wn. (2d) 420, 128 P. (2d) 643, if his contention is that the *Brodie* case established the rule in this state that, where it appears that no jury is on duty in connection with the court before which a prosecution is pending during the sixty-day period following the filing of an information, and the trial court concludes that good cause for the delay has been shown, such showing is not good cause for the failure to bring the defendant to trial within sixty days, under Rem. Rev. Stat., § 2312.

The *Brodie* case presented a rather unusual set of facts. The matter came before the trial court on a demurrer by the prosecuting attorney to a petition for a writ of *habeas corpus* filed by the defendants. The petition alleged facts which this court held did not show good cause for failure to bring the defendants to trial within sixty days. The demurrer of counsel admitted the facts well pleaded. It was on this record, of course, that the opinion was based.

In the case of *State v. Vukich, supra,* the defendants were informed against as jointists. The information was filed June 7, 1929, and defendants were arrested the same day. No further proceedings having been taken in the action, and more than sixty days having elapsed from the filing of the information, the defendants moved to dismiss the proceedings, which motions were denied. Thereafter, defendants again moved to dismiss, and their motions were again denied. September 5, 1929, the defendants again moved to dismiss, and their motions were denied. Their trial was held soon thereafter. The defendants claimed the court erred in refusing to dismiss the proceedings after sixty days had elapsed from the date of filing of the information. Without referring to either of the two cases hereinbefore mentioned, we stated:

"It appears that no jury was on duty in connection with the court before which the prosecution against appellants was pending during the months of July and August, or until after the 16th day of September. Appellants had been admitted to bail, and, under the circumstances dis-

closed by the record, we conclude that the ruling of the trial court upon appellants' motion to dismiss was not erroneous, the court having concluded that good cause for the delay had been shown. The constitutional guaranty against unnecessary delay in the administration of justice (article I, § 10, Constitution of the state of Washington) was not, in this case, violated."

The order denying the motion to dismiss in the instant case recites:

"And it appearing to the court that no jury has been on duty in connection with the court since the date that the information was filed and that good cause is shown for the defendant not having been brought to trial since the information was filed, Now, therefore . . ."

We also desire to call attention to the case of *State v. Winchell, supra.* The defendant in that case was charged with the crime of unlawful possession of intoxicating liquor other than beer and wine, with intent to sell the same. The information was filed September 15, 1941, and a motion and affidavit to dismiss, December 1, 1941. The affidavit of the prosecuting attorney, in opposition to the motion to dismiss, recited in part as follows:

"That it has not been practical since June of 1941 to call a jury term in Grant county because of the few number of cases to be tried compared with the expense of calling a jury term. That a jury term will be called for January, 1942, at which time the above entitled matter will be tried. That the defendant has been out on bail since a short time after his arrest in the above cause and has not been inconvenienced and will not be inconvenienced so far as this affiant knows, by a delay in having the trial."

The order denying the motion to dismiss was entered December 9, 1941, and the case went to trial January 19, 1942. In the cited case, after referring to *State v. Vukich, supra,* and stating that it was directly in point, we held the trial court did not err in denying the defendant's motion to dismiss. No case is cited or referred to in the *Winchell* case other than *State v. Vukich, supra.*

We think it is apparent that the motion to dismiss in each of the cases last above referred to was denied because there

had been no jury in attendance upon the court during the time following the filing of the information and up to the time the motion was made. We are of the opinion that, where it appears that no jury has been in attendance upon the court during the sixty days following the filing of an information, or up until the time of the filing of a motion to dismiss, such a showing constitutes good cause for the delay, and justifies the court in refusing to dismiss the cause for failure to bring the case on for trial within sixty days after the filing of the information.

We are satisfied our conclusion is sustained by the two cases last above cited. We are not impressed with the attempt on the part of counsel for appellant to distinguish those two cases from the instant case, on the ground that in the cited cases the defendants were out on bond, while in the instant case the defendant was at all times confined to jail. The purpose of § 2312, *supra,* was undoubtedly to insure to a defendant, whether he be in jail or out on bond, a trial without unnecessary delay. While it is certainly inconvenient and perhaps unfortunate that a defendant is unable to procure bail, such fact, in our opinion, does not enter into the question of whether or not good cause has been shown for delay in bringing him to trial.

The trial court did not err in denying appellant's motion to dismiss.

It would seem to be rather a futile and useless procedure for a defendant to obtain a dismissal under § 2312, *supra,* at least where he is charged with a felony, as in the present case, when a new information charging the same offense can be immediately filed under Rem. Rev. Stat., § 2315 [P. C. § 9146], which provides:

"An order dismissing a prosecution under the provisions of sections 2311, 2312, or 2314 shall bar another prosecution for a misdemeanor or gross misdemeanor where the prosecution dismissed charged the same misdemeanor or gross misdemeanor, but in no other case shall such order of dismissal bar another prosecution."

■ It is next contended that the court erred in failing to direct a dismissal for failure to prove penetration.

As to the charge contained in the first count, there not only is testimony of the prosecuting witness that she had sexual relations with appellant in Thurston county about the time charged, but she also described in some detail just what occurred. There is no question but what there was ample testimony from which the jury were justified in finding that appellant did carnally know the complaining witness on or about October 1, 1941. There was also some corroboration of the prosecuting witness by her brother, Eddie, as to the act above mentioned. Appellant denied that he and the prosecuting witness ever occupied the same bed, and denied that he ever had sexual intercourse with her. Appellant also attempted to establish that, on the date alleged in the first count, he was at Amboy, Washington. The jury apparently did not believe him.

The prosecuting witness also described when and where the act charged in the second count took place. In describing the act, she testified that she had sexual intercourse with appellant. There is no question but that the complaining witness knew the meaning of the term "sexual intercourse," and we are clear that there was sufficient testimony to warrant the jury in finding there was actual penetration on both occasions above mentioned. We are satisfied that where, as in this case, it appears that the complaining witness knows the meaning of the term "sexual intercourse," and she testifies that she had "sexual intercourse" with the accused, such statement in and of itself is sufficient to warrant a jury in finding there was penetration. In this connection, we call attention to the case of *State v. Gay,* 82 Wash. 423, 144 Pac. 711.

■ It is next contended that the court erred in refusing to admit appellant's exhibits 1 and 2. These exhibits consisted of two letters. Exhibit 1 is a letter written to appellant by Levy Johnson, September 3, 1942, on behalf of Eddie Byas. This letter was offered on the theory that it tended to show ill will on the part of Eddie Byas against

appellant. Eddie subsequently testified as a witness for the state. This letter by the deputy prosecuting attorney merely advised appellant that he should turn over to Eddie any of the boy's clothes or other belongings held by appellant.

Exhibit 2 is a letter written by George Funk to appellant, on behalf of Eddie, and while this letter is couched in a little stronger terms than the one written by Mr. Johnson, it also advised appellant that he should turn over to Eddie his clothes and his automobile.

We are unable to see where these letters were relevant to any issue presented, or for any purpose. They were properly rejected.

It is also contended that the trial court erred in refusing to allow appellant to establish that a conspiracy existed against appellant. This attempt was apparently made on the cross-examination of the complaining witness and her brother Eddie. The court sustained objections to the questions asked, on the ground that they were not proper cross-examination. In addition, we are of the opinion that the questions asked tended in no way to prove a conspiracy on the part of anyone to injure appellant.

It is next contended that certain remarks or statements made by the trial court during the trial were prejudicial to appellant. We have read the record carefully, and have examined with particular care the statements made by the trial court to which appellant has referred us, and we are convinced there was nothing said by the trial court which was prejudicial to appellant. In fact, we are of the opinion the trial court was unusually patient and considerate. Counsel for appellant repeatedly propounded objectionable questions, even after he had been cautioned by the trial court, and repeatedly attempted to introduce testimony which was clearly not admissible. In making the statements to which appellant now objects, the court was doing nothing more than giving his reasons for his rulings, and this a trial court certainly may do. *State v. Hughlett*, 124 Wash. 366, 214 Pac. 841.

■ We have considered the contention that appellant was inadequately represented in the trial of this cause. It may be that counsel who represented appellant was not too familiar with the rules of evidence, or the criminal practice in general, but, as hereinbefore stated, the trial court was patient with him, and we do not feel that the claimed inadequacy of counsel sufficiently appears to warrant us in granting a new trial on that ground.

There was much testimony given by the members of the Jenkins family and others which was not, in our opinion, relevant to any issue here presented, and no good purpose would be served by a discussion of such testimony.

We are satisfied that appellant had a fair trial, and that the motion for a new trial was properly denied.

In conclusion we might add that Dr. Partlow, called by the state, testified that he had examined the prosecuting witness on October 12, 1942, and found a ruptured hymen.

We are of the opinion there was ample testimony from which the jury could find that each and every element of the crime charged in each of the two counts had been proven. The proof being sufficient to sustain the charges, and the motion for new trial having been properly denied, judgment was properly entered on the verdict.

The judgment of the trial court is affirmed.

STEINERT, ROBINSON, and GRADY, JJ., concur.

SIMPSON, C. J. (dissenting)—I am unable to agree with the majority holding that appellant was not entitled to have the case dismissed. The information was filed October 16, 1942. December 18, 1942, the accused filed a motion to dismiss for failure of the state to bring the case to trial within sixty days. The motion was denied December 21, 1942, upon the ground that "no jury has been on duty in connection with the court since the date that the information was filed." Appellant was not brought to trial until March 18, 1943. Our state constitution provides:

"Justice in all cases shall be administered openly and without unnecessary delay." Const., Art. I, § 10.

"In criminal prosecutions, the accused shall have the right to appear and defend in person, and by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf, to meet the witnesses against him face to face, to have compulsory process to compel the attendance of witnesses in his own behalf, have a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed, and the right to appeal in all cases; and in no instance shall any accused person before final judgment be compelled to advance money or fees to secure the rights herein guaranteed." Const., Art. I, § 22.

Rem. Rev. Stat., § 2312, provides:

"If a defendant indicted or informed against for an offense, whose trial has not been postponed upon his own application, be not brought to trial within sixty days after the indictment is found or the information filed, the court shall order it to be dismissed, unless good cause to the contrary is shown."

The legislature of this state has determined for us what, in certain cases at least, is to be regarded as a speedy trial within the meaning of the constitutional requirements. The statutory provision simply means what it says, that the trial must be had within sixty days after the filing of the information. The legislative purpose in passing such legislation is set out in 22 C. J. S., Criminal Law, p. 716, § 467, as follows:

"The term 'speedy,' as employed in the constitutional provisions under consideration, being a word of indeterminate meaning, permits legislative definition to some extent, and the authorities generally hold that statutes providing for a discharge of accused unless trial is had within a stated time after indictment, information, or commitment, or which require an indictment or information within a stated time, are enacted for the purpose of enforcing the constitutional right, and that they constitute a legislative construction or definition of the constitutional provision, and must be construed fairly to the accomplishment of that end."

The statutory provisions were enacted for the purpose of enforcing the constitutional right and must be con-

strued in favor of the accused. *Ex parte Hollandsworth,* 93 W. Va. 543, 117 S. E. 369.

*State v. Brodie,* 7 Wash. 442, 35 Pac. 137; and *State v. Lewis,* 35 Wash. 261, 77 Pac. 198, were properly decided.

The *Brodie* case came to this court upon these facts: The defendants had not been brought to trial within sixty days after the information was filed. The petition for *habeas corpus* then set forth:

"That the trial had not been postponed upon their application, and that they had not caused the delay thereof, but that they had at all times been ready and willing for trial upon the charge aforesaid; that a jury term of the superior court for said county should have been held on the fourth Monday of September, and that another jury term of said court should have been held the first Monday of December in said year; that both of said times had passed since they had been informed against, and that no such jury had been called, and that no cause for delay or failure to call the same had been filed or placed of record, but that the court had postponed the calling of such jury from time to time without any sufficient cause therefor having been shown; and they also moved for a discharge under § 1369, Code Proc."

· In the cases of *State v. Vukich,* 158 Wash. 362, 290 Pac. 992, and *State v. Winchell,* 14 Wn. (2d) 420, 128 P. (2d) 643, the trial courts gave the identical reason for denying the motion that was repudiated in the *Brodie* case.

The majority opinion now approves those two cases without overruling either the *Brodie* or *Lewis* cases.

In *State v. Lester,* 161 Wash. 227, 296 Pac. 549, the trial court dismissed an information because the accused had not been brought to trial within sixty days. The state appealed. In deciding the case, this court said:

"The trial court gave to the statute a literal interpretation; holding that the filing of the information fixed the time from which the sixty-day period provided by the statute began to run, and that, if a defendant against whom an information was filed was not brought to trial within sixty days after such filing, no good cause to the contrary

being shown, he was entitled to have the information dismissed.

"The state's learned counsel takes exception to the court's interpretation of the statute; contending that the sixty-day period fixed by the statute begins to run only from the time the defendant is taken into custody, or has been in some other manner subjected to the orders of the court.

"In our opinion, the court correctly interpreted the statute. Its language is plain and unequivocal, and will hardly permit of any other interpretation than that given to it by the trial court. The argument that such an interpretation can, in certain instances, amount to a denial of a trial altogether, we cannot concede is well founded. The statute applies to delays on the part of the state only."

As I view the situation, the fact that no jury had been on duty was no proper excuse. Rem. Rev. Stat., § 97 [P. C. § 8154], provides for the beginning of jury terms on the first Monday of each month, and gives the superior court judges the authority to call a jury at any time. The accused was entitled to have a jury called to try his case.

In some of the smaller counties of this state, jury terms have not been had for two or three years. Under the majority opinion construing the constitutional and statutory provisions, an accused could be held indefinitely if no jury were called.

A party charged with crime has the constitutional right to a speedy trial as that right is defined by statute, and the court has no discretionary powers to deny him a right so important, nor to prolong his imprisonment beyond the time provided by law. The fact that a new information could be filed after dismissal of the present charge presents no reason for a denial of a constitutional right.

The *Vukich* and *Winchell* cases should be overruled and appellant in this case should be discharged.