[No. 37045. Department One. March 26, 1964.]

MAX M. FLAKS et al., Appellants, v. LINCOLN McCURDY, Respondent.*

*Reported in 390 P. (2d) 545.

*J. P. Tonkoff* (of *Tonkoff, Holst & Hopp*), for appellants.

*Halverson, Applegate, McDonald & Weeks,* for respondent.

HUNTER, J.—This is a rear-end automobile collision case. The plaintiffs (appellants), Max M. Flaks and wife, and the defendant (respondent), Lincoln McCurdy, were traveling in the same direction on Highway No. 97, between Yakima and Ellensburg, on the afternoon of November 23, 1960. Snow, sleet and mist caused bad driving conditions and poor visibility. There were 2 or 3 inches of snow or slush on the highway. The defendant was following the plaintiffs at a distance of approximately 350 to 400 feet, traveling between 35 and 40 miles per hour. The plaintiffs proceeded around a very sharp turn, disappearing from the defendant's view. They found several vehicles stopped on the highway. As the defendant followed the plaintiffs' car and it was again visible, the car was slowing down approximately 150 to 175 feet in front of the defendant. He failed to stop his car completely and collided into the rear of the plaintiffs' car causing $100 damage to the car and the personal injuries here complained of.

This case was tried twice in the trial court and in each case the jury returned a verdict in favor of the defendant. A new trial was awarded after the first trial because the court determined it had erroneously submitted the issue of contributory negligence to the jury. This issue was withdrawn in the second trial. This appeal is from the judgment entered upon the jury verdict in the second trial.

■ The plaintiffs assign error to the trial court's instructions on unavoidable accident and the emergency doctrine. They contend the following-car doctrine is controlling. Under that doctrine, which is firmly established in this state, the primary duty of avoiding a collision in a situation such as we have in the instant case rests upon the following driver. In the absence of an emergency or unusual conditions, the following driver is negligent if he runs into the car ahead. *Tackett v. Milburn,* 36 Wn. (2d) 349, 218 P. (2d) 298 (1950); *Johnson v. Watson,* 11 Wn. (2d) 690, 120 P. (2d) 515 (1941).

■ In the instant case there was evidence in the record which would justify the jury in finding unusual conditions. An unavoidable-accident instruction may be properly given when there is evidence to support a finding by the jury that there was no negligence on the part of either the plaintiff or the defendant. *Blood v. Allied Stores Corp.,* 62 Wn. (2d) 187, 381 P. (2d) 742 (1963); *Gaylord v. Schwartz,* 46 Wn. (2d) 315, 281 P. (2d) 247 (1955); *Rettig v. Coca-Cola Bottling Co.,* 22 Wn. (2d) 572, 156 P. (2d) 914 (1945). In *Cooper v. Pay-N-Save Drugs, Inc.,* 59 Wn. (2d) 829, 371 P. (2d) 43 (1962), we said:

" . . . it is proper to give the instruction if there is affirmative evidence that an unavoidable accident occurred; stated negatively, it is error to give the instruction if there is no evidence of an unavoidable accident or if the only issue possible under the facts is that of negligence and contributory negligence. . . ."

*Bennett v. McCready,* 57 Wn. (2d) 317, 356 P. (2d) 712 (1960), is peculiarly applicable in the present case. It provides clear authority for an unavoidable-accident instruction. We said:

" . . . The slippery condition of the highway created a situation in which certain kinds of accidents could occur without fault due to the inherent dangers of driving upon it.

"We think, therefore, that appellants' assignment of error directed to the giving of instruction No. 16, which instructed upon unavoidable accident, is not well taken. A jury, under proper instructions, might very well have found that the

dangerous condition of the highway caused an unavoidable accident. . . ."

Here there was evidence that driving conditions were slippery and dangerous. The giving of such an instruction is discretionary. *Carraway v. Johnson*, 63 Wn. (2d) 212, 386 P. (2d) 420 (1963). The trial judge did not abuse his discretion in giving the unavoidable-accident instruction.

Instruction No. 15 on emergency was also correctly given. An emergency instruction was approved in *Bergstrom v. Ove*, 39 Wn. (2d) 78, 234 P. (2d) 548 (1951), under facts similar to the facts in the instant case. In the *Bergstrom* case, a motorist's vision was obstructed by a hill, and as he came over the crest he saw a group of people around a stalled car that was partially blocking the road. He skidded 175 feet on the slippery road and injured a pedestrian. We said:

"The appellant was in an emergent situation from the moment he saw the respondent. He applied his brakes timely and skidded one hundred seventy-five feet, in his effort to stop. This was a choice of action permitted by the rule. . . ."

The jury could have believed, in the instant case, that the defendant was confronted with an emergency resulting from no negligence of his own, and that he exercised the care a prudent person would have exercised under the circumstances.

The plaintiffs argue that the physical facts show that the forward automobile would not be obscured from a following car on this curve at a distance of less than 200 feet, and an emergency instruction is not proper under *Bennett v. McCready, supra.* However, there is no evidence in the record from which a positive mathematical conclusion can be deduced on this point as in the *Bennett* case. It is within the province of the jury to believe the testimony of the defendant.

The plaintiffs assign error to the refusal of the trial court to instruct the jury on the defendant's failure to keep a proper lookout (proposed instruction No. 12); his failure

to keep his car under control (proposed instruction No. 13); and his failure to apply his brakes (proposed instruction No. 14).

█ Each party to an action is entitled to have his theory of the case presented to the jury by proper instructions, if there is any evidence to support it. Upon reading the jury instructions in their entirety, we find they properly advised the jury on all issues of the case and the plaintiffs' counsel was not limited in his argument on these issues to the jury. It is within the trial court's discretion to determine how many instructions are necessary to present fairly each litigant's theory of the case. *Short v. Hoge,* 58 Wn. (2d) 50, 360 P. (2d) 565 (1961).

We find no error. The judgment is affirmed.

OTT, C. J., HILL and ROSELLINI, JJ., and JAMES, J. Pro tem., concur.