[No. 36700.   Department One.   April 30, 1964.]

SCHIRL RICKERT *et al., Appellants,* v. LARRY GEPPERT, JR. *et al., Respondents.*\*

\*Reported in 391, P. (2d) 964.

*Comfort, Dolack & Hansler* (*Robert A. Comfort,* of counsel), for appellants.

*Wayne Murray* (of *Murray & Dunham*), for respondents.

DONWORTH, J.—Plaintiffs appeal from a judgment (dismissing their claim with prejudice) entered upon a jury verdict for the defendants. Appellants' action arose out of the second of two automobile accidents occurring within a short period of time near the intersection of two streets in the south end of the city of Tacoma.

Since appellant wife is the member of the community who was involved in the accident, she, alone, will be referred to as appellant. For the same reason, Mr. Geppert will be referred to as respondent.

A brief description of the scene of the accident and the actions by the respective parties immediately prior thereto may be helpful to an understanding of the legal questions involved.

A heavy fog covered the scene on the morning of December 8, 1960, at about 7:40 a.m., when appellant, a high school teacher, and her daughter, a junior high school student, left their home together in the family Oldsmobile to drive to their respective schools. Driving visibility was materially reduced by the presence of the fog and traffic conditions were further worsened by patches of ice on the roadway. Because of the slippery condition of the pavement, appellant reduced her speed to approximately 18 miles per hour. Appellant was driving south on McKinley, a two-lane arterial highway, running north and south, toward the intersection of 96th Street. As she approached the intersection, appellant observed a city bus stopped in her lane of travel. She had stopped her car behind it, when she noticed another bus stopped in the intersection in front and to the right of the first bus.

While stopped, appellant's automobile was struck in the rear by an automobile driven by Mrs. Lavine McLaughlin.

Mrs. McLaughlin stated that she had observed warning signals on appellant's vehicle but was unable to stop in time to avoid the collision. Appellant testified that she had pumped her brakes and placed her turn signals on to warn drivers approaching from the north. The damage caused to appellant's vehicle by the rear-end collision was about $100.

According to the testimony of appellant and Mrs. McLaughlin, the following took place at the scene after their accident: Appellant testified that she alighted from her automobile on the driver's side and walked back toward the McLaughlin vehicle. Her reason for so doing was that the narrow shoulder and the steep slope to a ditch along the west side of the street made it very difficult for her to get out of the right front door. Also, her daughter was occupying the right front seat. Mrs. McLaughlin also testified that the ditch bordering the highway on the right side prevented a person from venturing too close to that side of the road because the icy conditions would make one fearful of sliding into the ditch. Therefore, the two women met in the center of the highway near the front of the McLaughlin vehicle, which was from 3 to 5 feet to the rear of appellant's Oldsmobile. After inquiring as to whether Mrs. McLaughlin had been injured and receiving a satisfactory response, appellant returned to her vehicle to obtain identification from her purse for the purpose of exchanging names and addresses with Mrs. McLaughlin.

As appellant opened the driver's door of her car, she heard another vehicle approaching from the north, and turned to observe respondent's vehicle skidding toward her along McKinley Avenue. She testified that to avoid being struck she attempted to move between the two stopped automobiles. As she reached the rear of her vehicle, respondent's automobile collided with appellant's car, striking it at the center post on the driver's side. Respondent's vehicle then caromed off into the ditch on the east side of the highway. The interval of time between the two accidents, according to the two women, was not more than 2 or 3 minutes.

As appellant attempted to move between the vehicles to avoid being struck, she incurred the injury of which she now complains. Appellant claims she was struck by respondent's vehicle on the right elbow and was knocked to the pavement, landing on her left side. Mrs. McLaughlin testified she did not observe the incident appellant describes. Respondent testified that there was no contact between his car and appellant. Thus, there is an issue of fact as to whether appellant was actually struck by respondent's car or whether she fell on the slippery roadway. However, we need not consider any of the events that followed the second impact to appellant's vehicle (by respondent) because appellant's assignments of error are directed only to certain instructions given or refused which related to events that preceded appellant's alleged injuries.

The trial court instructed the jury, which brought in a verdict for respondent. A judgment of dismissal was entered accordingly, and appellant moved for a new trial. The motion was denied. This appeal followed.

Appellant's first assignment of error concerns the trial court's giving of instruction No. 13. The instruction presented the issue of volenti non fit injuria and permitted the jury to decide whether appellant knowingly and voluntarily placed herself in a position of danger. The jury was told that, if appellant did comprehend the danger and voluntarily exposed herself to it, she is deemed to have assumed the risk and could not recover from an injury resulting therefrom.

We are of the opinion that there were no facts in the present case that would warrant the jury in finding that Mrs. Rickert had voluntarily exposed herself to a comprehended danger or that a reasonable alternative was left to her. Appellant was placed in her position by circumstances that were not of her doing. In the first place, she acted normally by stopping behind the stalled city bus, and was then struck from the rear by another vehicle, Mrs. McLaughlin's. After alighting from her car on the driver's side to survey the damage and exchange driver information,

her automobile was struck again (this time by respondent's car). Appellant should not be required to abandon her vehicle in the brief interval between the two accidents.

Whether Mrs. Rickert was in a position, immediately prior to the second accident, in which she knew, or should have known, in the exercise of reasonable care, of the danger or risk of standing in the middle of the slick highway under the existing conditions, should have been submitted to the jury solely on the issue of contributory negligence. We are not here considering any question of negligence or contributory negligence, but only the correctness of the "volenti" instruction (No. 13).

Since the instant case was tried, we rendered our decision in *Frasch v. Leedom,* 62 Wn. (2d) 410, 383 P. (2d) 307 (1963), in which we held that the trial court properly refused to give a "volenti" instruction. In that case, the plaintiff had parked her car off the highway and had returned to the scene of the accident to observe the damage to the automobile, with which her car had collided, which was blocking part of the highway at that time. She was injured when a third vehicle struck the stopped automobile, causing it to run over her. There we said:

"The trial court correctly refused such instructions. Defendants, upon the basis of the evidence presented, failed to carry their burden of demonstrating a superior knowledge and appreciation, on the part of plaintiff, of the danger or risk involved in joining other persons at the Salsberry vehicle, or of a wilful consent to the peril of another driver's inability to avoid a second collision. Viewing the evidence in a light most favorable to defendants' contention, plaintiff's conduct would, at best, constitute only contributory negligence involving an unreasonable exposure to danger."

We think that the facts in the *Frasch* case are similar to this case and that the holding gives support to the position now taken by appellant that the giving of the volenti instruction was prejudicial error. There was no evidence, even when viewed most favorably to respondent, which would support the holding that the doctrine of volenti non fit injuria was applicable, and the jury should not have been so instructed. While we still approve the giving of such in-

struction in a proper case, the issue must be clearly presented; otherwise, the main consideration should be whether there was conduct which might be found by the jury to constitute contributory negligence. For this reason, appellant's first assignment of error is well taken, and she must be granted a new trial.

Since we have held the giving of the "volenti" instruction to be error, appellant's second assignment of error, directed to a proposed instruction which she argues would blunt the effect of the "volenti" instruction, need not be considered.

Appellant's remaining assignments of error must be considered so that any existing errors may be corrected for a retrial of this case.

■ The third assignment of error by appellant is to the trial court's giving of instruction No. 12, stating, in substance, the mere skidding of an automobile, alone, is not evidence of negligence. We think the instruction is a correct statement of the law and is applicable to the present case. *Osborne v. Charbneau*, 148 Wash. 359, 268 Pac. 884, 64 A.L.R. 251 (1928). See, also, *Kiessling v. Northwest Greyhound Lines, Inc.*, 38 Wn. (2d) 289, 229 P. (2d) 335 (1951). The fact that an automobile skids and an accident results does not demonstrate that the conduct of a defendant was such that he created an unreasonable risk of harm to others. Respondent's awareness or lack of awareness of icy conditions on the roadway would be a factor for the jury to consider in determining what should be the conduct of a reasonably prudent man under similar circumstances, but it does not amount to negligence as a matter of law, as appellant suggests. We might note here that an investigating police officer testified he counted three cars on the street and four or five others in the ditch when he arrived at the scene of the accident. This testimony, if believed by the jury, might just as likely support an inference that there was no negligence on the part of respondent. In either case, there was no error in giving the instruction.

■ Appellant next assigns error to the giving of instruction No. 15, which is an instruction phrased in the negative, telling the jury not to compare negligence of the parties, if

any exists. Appellant complains that the instruction only tends to confuse the jury because it had already been instructed on the issue of contributory negligence, which is the essence of the instruction. While it is discretionary with the trial court to determine how many instructions are necessary to fairly present a party's theory, we are persuaded that the given instruction would more likely tend to confuse, than aid, the jury. *Short v. Hoge,* 58 Wn. (2d) 50, 54, 360 P. (2d) 565 (1961). We find no abuse of judicial discretion in the giving of the instruction, but we are of the opinion that the instruction should not be given in a retrial of this case should a similar instruction be proposed.

We are in agreement with appellant's fifth assignment of error that the trial court erred in not granting her motion for a new trial for the reasons above stated. Therefore, the judgment of the trial court is reversed and the cause remanded for a new trial to be conducted in accordance with the views expressed in this opinion.

OTT, C. J., FINLEY, ROSELLINI, and HUNTER, JJ., concur.