# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| HALEY-MORGAN JONES, an individual, | ) ) |
| Appellant, | ) ) |
| and TAMRA MULVIHILL, an individual; and KAYLA HOCHSTETTER, an individual, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| PABLO E. HUARACHA-ANGEL and CYNTHIA HUARACHA, husband and wife, and the marital community composed thereof; and JOHN DOE and JANE DOE, husband and wife, and the marital community composed thereof; and RICHARD ROE; and ABC CORPORATION; and XYZ CORPORATION, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Respondents. | ) ) ) |

No. 68426-4-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: June 17, 2013

GROSSE, J. — The presumption of negligence does not apply to a following driver who collides with the preceding car if there was an emergency or unusual condition that could not reasonably be anticipated. Here, the circumstances of the collision raised genuine factual issues as to the existence of an emergency and whether the following driver was traveling too fast for the conditions. We therefore reverse the trial court's entry of summary judgment in favor of the following driver.

FACTS

On November 18, 2007, Haley-Morgan Jones was driving southbound in the right lane of Interstate 5 near Mount Vernon. Pablo Huaracha-Angel was driving behind Jones in the same lane. Both Jones and Huaracha-Angel were going about 58 to 60 miles per hour, below the speed limit. Pablo and his wife Cynthia estimated that they were traveling about 5 to 6 car lengths behind Jones.

As Jones approached the exit to State Route 20, Cynthia noticed a small vehicle, believed to be a pickup truck, moving at a greater rate of speed in the left lane. The pickup was passing Jones's car on the left when, without signaling, it suddenly veered across the right lane in front of Jones's car, clipping the left front bumper. The pickup, which apparently exited the freeway, was never identified.

The precise movements of Jones's car after being clipped are not completely clear, but it eventually came to rest perpendicular to and partially blocking the lanes of travel. Cynthia saw Jones's car start swerving "back and forth like a snake." Upon seeing Jones's car begin to swerve, Pablo immediately reduced his speed. Cynthia yelled at Pablo to "slam on the brakes" and he indicated that he "brake[d] the maximum I could, squeal my tires, did everything I could to avoid hitting her."

Pablo could not avoid Jones's car completely, but he apparently was able to swerve toward the right, avoiding the main passenger area and hitting her car near the rear driver's-side door. The force of the collision caused Jones's car to

2

spin around and hit the rear of the Huaracha-Angels' car. There is no dispute that the collision injured Jones.

After the collision, Jones got out of her car and spoke with Pablo and with Washington State Patrol Trooper Mike Rudy, one of the investigating troopers. Jones told Rudy that the phantom vehicle had clipped her left front bumper. The two passengers in Jones's car were unable to provide Rudy with any further details about the accident.

Later, Jones was unable to recall any meaningful details about the accident, including the events immediately preceding the accident, the actions of the phantom vehicle after it clipped her car, the movements of her car after the contact, the speed or following distance of the Huaracha-Angels' car, and the amount of time between the contact with the phantom vehicle and the collision with the Huaracha-Angels' car.

Based on his observations at the scene, Trooper Rudy believed that the contact with the phantom vehicle had caused Jones's car to rotate; he saw no evidence that Jones's car had swerved first. Rudy was unaware of anything that Pablo could have done under the circumstances to avoid the collision. He doubted that Pablo could have maneuvered completely around Jones's car because it was partially blocking the lane of travel.

Jones filed this action for negligence against the Huaracha-Angels on November 12, 2010. The Huaracha-Angels moved for summary judgment.

Following a hearing on February 6, 2012, the trial court granted the motion. Jones appeals.

## ANALYSIS

Jones contends that the trial court erred in dismissing her negligence action on summary judgment. She argues that the evidence, including the Huaracha-Angels' claim that they were following Jones by 5 to 6 car lengths at 58 to 60 m.p.h., raised a material factual issue as to whether they were following too closely under the circumstances. Our review of summary judgment is de novo.[1]

The rule in Washington is that "where the driver of a vehicle is following another vehicle, the primary duty of avoiding a collision rests upon the following driver and in the absence of an emergency or unusual conditions, the following driver is negligent if he runs into the car ahead."[2] The prima facie showing of negligence may be overcome by evidence of an emergency or unusual condition, such as when the preceding vehicle stops suddenly or without warning "at a place where a sudden stop is not to be anticipated."[3]

But even in such situations, the following driver is not necessarily excused from liability:

> [T]he jury must answer whether the following driver was traveling closer to the preceding vehicle or at a greater speed than

---

[1] City of Sequim v. Malkasian, 157 Wn.2d 251, 261, 138 P.3d 943 (2006).
[2] Vanderhoff v. Fitzgerald, 72 Wn.2d 103, 105, 431 P.2d 969 (1967).
[3] Ryan v. Westgard, 12 Wn. App. 500, 505, 530 P.2d 687 (1975).

reasonable care required under the circumstances. It is for the jury to decide whether the circumstances were such that a sudden stop or decrease of speed was to be anticipated. While the following driver has the primary duty of avoiding an accident, he is not guilty of negligence as a matter of law simply because he collides with a vehicle in front of him.[4]

The degree to which the following driver is required to anticipate the likelihood of sudden stops by the preceding car necessarily depends on the specific factual circumstances.[5] Consequently, except in rare cases, questions about the existence of an emergency or unanticipated condition or whether the following driver was traveling too close under the conditions are for the trier of fact.[6]

Here, the evidence indicated that the Huaracha-Angels were traveling at about 58 to 60 m.p.h. and 5 to 6 car lengths behind Jones as her car approached a freeway exit. Pablo stated that when he first noticed Jones's car start to swerve, he reduced his speed. But the evidence also indicates that he did not commence hard breaking until he saw Jones's car spin sideways and come to a stop or until Cynthia yelled at him to "slam on the brakes." In explaining why

---

[4] Ryan, 12 Wn. App. at 505; see also RCW 46.61.145(1) (driver of motor vehicle shall not follow vehicle any closer than reasonable and prudent, considering speed of vehicles, traffic, and highway conditions).

[5] See Ryan, 12 Wn. App. at 506 (no absolute requirement for driver traveling at lawful speed limit in center lane of freeway to presume that preceding cars might stop suddenly).

[6] See Ryan 12 Wn. App. at 504-09; see also Hough v. Ballard, 108 Wn. App. 272, 279, 31 P.3d 6 (2001) ("Whether there has been negligence . . . is a jury question, unless the facts are such that all reasonable persons must draw the same conclusion from them, in which event the question is one of law for the courts.").

Pablo was unable to bring their car to a controlled stop before the collision, Cynthia acknowledged that the accident "happened fast . . . it was just like a second."

Viewed in the light most favorable to Jones, the evidence suggested both a relatively short interval between the phantom vehicle's contact and the ensuing collision, as well as some delay in Pablo's reaction to the erratic movements of Jones's car. Those circumstances, coupled with the location of the accident near a freeway exit, where some movement of cars among lanes could be expected, raised factual issues as to the existence of an emergency condition and whether the Huaracha-Angels' car was following to close for the conditions.[7] On this record, the Huaracha-Angels failed to demonstrate that they were entitled to judgment as a matter of law.[8] Summary judgment was therefore not warranted.[9]

Jones also challenges the trial court's award of costs to the Huaracha-Angels under RCW 4.84.080 and .090. Because summary judgment was improperly granted, we also reverse the cost award.

---

[7] See Vanderhoff, 72 Wn.2d at 106 (reasonable minds could differ on whether or not one driving in heavy traffic at 35 to 40 miles per hour on a wet pavement 50 feet from the preceding car was negligent).

[8] See Ward v. Coldwell Banker/San Juan Props., Inc., 74 Wn. App. 157, 161, 872 P.2d 69 (1994) (Summary judgment not proper if "reasonable minds could draw different conclusions from undisputed facts, or if all of the facts necessary to determine the issues are not present.").

[9] Jones also contends that the trial court improperly "shift[ed] the burden of proof" during oral argument on the summary judgment motion. A review of the transcript of the hearing provides no support for this claim.

The Huaracha-Angels have moved to strike certain portions of Jones's appellate brief containing evidence that Jones did not present to the trial court on summary judgment. As we have previously noted, argument in a brief "is the appropriate vehicle for pointing out allegedly extraneous materials – not a separate motion to strike."[10] And in any event, we do not consider any argument or evidence that was not before the trial court.[11] We therefore deny the motion to strike.

Reversed and remanded.

_____

WE CONCUR:

_____   _____

---

[10] Engstrom v. Goodman, 166 Wn. App. 905, 909 n.2, 271 P.3d 959, rev. denied, 175 Wn.2d 1004, 285 P.3d 884 (2012).

[11] See RAP 9.12 (on review of summary judgment, appellate court will consider "only evidence and issues called to the attention of the trial court").