[No. 22650. Department One. November 17, 1930.]

THE STATE OF WASHINGTON, *Respondent*, v.
B. S. POWELL, *Appellant*.[1]

*O. A. Tucker* and *P. C. Kibbe,* for appellant.
*William H. Grimm* and *R. L. Ponder,* for respondent.

TOLMAN, J.—The appellant was tried before a jury upon an information charging grand larceny by embezzlement. A verdict of guilty was rendered against him, and from a judgment and sentence thereon, he has appealed.

To an understanding of the question to be discussed, a brief statement of the facts—which in their general outline are not greatly in dispute—is necessary. It appears that the appellant was a bonded real estate agent or broker, and as such was employed by the prosecuting witness in the matter of securing a tenant

[1]Reported in 293 Pac. 280.

for certain farm land. A lease was agreed upon and executed, all parties being present, and the tenant gave to .the appellant a check to his order for the first installment of the rent. Thereupon, the appellant, retaining the tenant's check, made his own check payable to the complaining witness for one hundred fifty dollars, being the amount received by him as rental less the sum he claimed as his commission.

Appellant deposited the check which he had received from the tenant to his own credit in his bank; but before the complaining witness presented the check for payment which the appellant had given her, his bank account was garnished and it is also claimed that, through error of the bank, his balance in the bank was unduly diminished; so that, when the prosecuting witness finally presented the check for one hundred fifty dollars, given her by the appellant, for payment at the bank on which it was drawn, payment was refused because of insufficient funds. After payment was so refused, the appellant so far adjusted matters with his bank as to permit of his withdrawing from the bank the sum of ninety-six dollars. Having withdrawn this sum from his bank account, he went to the complaining witness and, according to his testimony, explained the situation to her, gave her fifty dollars in cash and gave her his check for one hundred dollars, which he says he advised her could not be cashed at once, but he seems to have attempted to assure her that he would very soon make it good.

The question for the jury to decide, therefore, was not whether the appellant feloniously appropriated the whole one hundred fifty dollars, but rather whether he so appropriated one hundred dollars or any less sum more than twenty-five dollars. It seems apparent from a reading of the record that there was no proof of any felonious intent in the beginning, and if such an intent

is established at all, it must be by reason of the failure to turn over to the prosecuting witness the whole sum of ninety-six dollars which the appellant was able to withdraw from his bank.

█ The trial court gave certain instructions pertinent to this situation, but refused to give a requested instruction proposed as No. 10, which reads:

"You are instructed that intent is an element of the crime in this case and, without a definite intent to take this property, or money, from the complaining witness and deprive her of it, that defendant cannot be guilty of the crime charged."

To the refusal to give this instruction, the appellant, at the proper time, excepted in the following form:

"Defendant excepts to the order and ruling of the court in refusing to give instruction No. 10, for the reason that it correctly states the law as it should be applied to the facts and testimony in this case."

This proposed instruction appears to be based upon the case of *State v. Ward*, 96 Wash. 550, 165 Pac. 794, and respondent admits that it correctly states the law here applicable, but seems to urge that the subject-matter was sufficiently covered by instructions given, and also that the refusal to give it was not properly excepted to under the rules of this court.

Rule VI, as adopted by this court January 14, 1927, 140 Wash. xxix, provides:

"Exceptions to a charge to a jury, or to a refusal to give as a part of the charge instructions requested in writing, may be taken in the absence of the jury by any party at the conclusion of the charge and before reception of the verdict. Such exceptions may be either oral or in writing, and shall be noted by the court, and shall specify the paragraphs or particular parts of the charge excepted to, and the requested instructions the refusal to give which is excepted to, and shall be sufficiently specific to apprise the judge of the points of

law or questions of fact in dispute." Rem. 1927 Sup., § 308-6.

We think the exception here taken is sufficient under the rule. It specifies the particular paragraph by number which was before the court in the form proposed, and as it contains but one single clear-cut proposition of law, it does not appear that the attention of the court could any more clearly be drawn to the subject in any other manner, unless by then and there repeating word for word the proposed instruction which had already been submitted to the court in writing. That would seem to be unnecessary. The recent case of *State v. Vukich,* 158 Wash. 362, 290 Pac. 992, does point out that in that particular case the court was advised distinctly that no instruction given covered the particular subject, but that does not seem to be necessary under the rule quoted. The court must know what instructions he has given, and when his attention is called to a particular instruction covering one simple point, it would seem to be the duty of the court to determine whether or not the instructions as given sufficiently covered that point.

It is also argued that instruction No. 6 as given by the court sufficiently covered the subject we are now discussing. This instruction reads:

"The court instructs the jury that, if you find from the evidence beyond a reasonable doubt that, on or about the 14th day of August, 1929, in Lewis county, state of Washington, there came into the possession, custody and control of the defendant, B. S. Powell, as agent of Mrs. Estina B. Hopkins, lawful money of the United States of the value of more than $25 and that the same was then and there the property of said Estina B. Hopkins; and you further believe from the evidence beyond a reasonable doubt that while said money, if any, was in the possession, custody and control of the defendant, if he did so have the same in his possession, custody and control, as alleged in the in-

formation, and that the defendant withheld and appropriated the same to his own use willfully and without the consent of Estina B. Hopkins, the defendant would be guilty of larceny as charged in the information and you should so find.''

It will be noted that the instruction thus relied upon relates only to a willful withholding of the money. Manifestly, if the money was withheld on a claim of right or on a claim of the permission and consent of the prosecuting witness, it would be a willful withholding, but would not be a withholding with the criminal intent which the law requires to constitute the crime charged.

We are convinced that the proposed instruction should have been given, that a sufficient exception to the refusal to give it was taken and preserved, and therefore there must be a new trial.

Much complaint is made of misconduct on the part of the court and of the prosecuting attorney, but we find nothing therein of so serious a nature as to require discussion. The evidence was sufficient to carry the case to the jury, and we find no error in the admission of testimony.

Because of the error in refusing the requested instruction, the judgment is reversed and the cause is remanded for a new trial.

MITCHELL, C. J., HOLCOMB, and PARKER, JJ., concur.

MAIN, J. (dissenting)—I am not in accord with the majority opinion to the extent that it holds that the exception to the refusal of the court to give the requested instruction was sufficient. In *Kelley v. Cohen,* 152 Wash. 1, ·277 Pac. 74, complaint was made of two instructions given and the failure of the court to give one requested. The exception to one of the instructions given was as follows:

"The defendant excepts to instruction No. 4, upon the ground that it is not a correct statement of the law and submits improper issues to the jury, and for the further reason that it permits the jury to make a choice whether the verdict shall be based upon the agreed value or upon the reasonable value of the rental."

The exception to the other instruction was in this language:

"Defendant excepts to instruction No. 5, upon the ground and for the reason the same is not a correct statement of the law, and not based upon the evidence in this case."

The exception to the refusal of the court to give the requested instruction complained of was as follows:

"Defendant excepts to the failure and refusal of the court to give instruction No. 7 requested by the defendant."

With reference to these exceptions, it was said in the opinion in that case:

"Defendant's exceptions are entirely general in their nature, and do not, in any way, specifically point out to the court the matters concerning which complaint is now made. None of the exceptions taken to any of the instructions given sufficiently comply with Rule VI to permit this court to review the error claimed. Appellant's claim of error as to these instructions is highly technical, and such objections must, under the above quoted rule, be specifically pointed out to the trial court."

The exceptions to the instructions given in that case are no more general than is the exception to the refusal to give the requested instruction in this case. It is true that in that case the objection to the instructions was technical, while here it is substantial; but whether the objection be technical or substantial, it is necessary that it be sufficient to "apprise the judge of the points of law or questions of fact in dispute." The point of

law in the present case was the refusal of the court to give the requested instruction on the matter of intent. Had this been specifically pointed out as the rule requires, unquestionably the trial court would have recalled the jury, given the instruction, and thus saved the trouble, expense and delay incident to another trial.

In my opinion, the judgment should be affirmed, and I therefore dissent.