[No. 38798.    Department Two.    June 22, 1967.]

FREDERICK JOSEPH BICHL et al., Appellants, v. THOMAS H. POINIER et al., Respondents.*

*Reported in 429 P.2d 228.

*Greive & Law* by *R. R. Bob Greive,* for appellants.
*Paul A. Goodin,* for respondents.

DENNEY, J.†—Defendant-respondent, Thomas A. Poinier, was driving his 1959 Ford automobile on Sylvan Way Southeast in Seattle on February 17, 1964, when his brakes suddenly failed causing him to run into the rear of the car belonging to plaintiff-appellant, Frederick Joseph Bichl, which car had stopped to allow a pedestrian to cross the street. Judgment was entered on a jury verdict for defendants. Plaintiff appeals.

The marital communities are parties to this action, but the husbands were the active participants in the operation and maintenance of their automobiles so will be referred to as respondent and appellant.

---

†Judge Denney is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

Respondent's brakes failed because of the instantaneous loss of hydraulic pressure due to the escape of brake fluid from the left front flexible brake hose or flex line running between the frame and the left front wheel. The hose had become abraded so that application of pressure caused the fluid to escape from the hose. Expert witnesses disagreed as to whether the wear was caused by the hose rubbing against the frame of the car or was caused by the hose becoming twisted and thus rubbing against the tire and wheel rim when the wheels were turned sharply to the left.

Mr. Poinier had replaced the brake linings about three months before the accident at which time he saw the flex line and noticed no sign of wear. Expert witnesses testified that wear caused by rubbing against the frame would take a long time, perhaps several years to develop, while wear caused by rubbing against the rim could cause a hole to develop quickly.

Appellant's assignments of error relate to the giving of instructions, refusal to give requested instructions and admission of evidence regarding a test made by a witness, Charles V. Smith.

We reverse because of the failure and refusal of the trial court to give appellant's requested instruction No. 3 which reads as follows:

> You are instructed that the primary duty of avoiding a collision in a situation such as we have in the instant case rests upon the following driver. The following driver is negligent if he runs into the car ahead, in the absence of an emergency not created, in whole or part, by his own negligence.

■ Appellant was entitled to have this requested instruction given. At no place in the instructions was the jury told that the primary duty to avoid an accident rests with the following driver and, that in the absence of an emergency or unusual conditions, he is negligent if he runs into the car ahead. This has become the settled law of this state. *Felder v. Tacoma*, 68 Wn.2d 726, 415 P.2d 496 (1966); *Izett v. Walker*, 67 Wn.2d 903, 410 P.2d 802 (1966); *Flaks v. McCurdy*, 64 Wn.2d 49, 51, 390 P.2d 545 (1964); *Van Ry v.*

*Montgomery*, 58 Wn.2d 46, 360 P.2d 573 (1961); *Miller v. Cody*, 41 Wn.2d 775, 252 P.2d 303 (1953); *Tackett v. Milburn*, 36 Wn.2d 349, 218 P.2d 298 (1950). In the case of *Flaks v. McCurdy, supra,* we held that under the following car doctrine "which is firmly established in this state, the primary duty of avoiding a collision in a situation such as we have in the instant case rests upon the following driver. In the absence of an emergency or unusual conditions, the following driver is negligent if he runs into the car ahead."

■ Respondent contends that an instruction was given covering the statutory proscription against following more closely than is prudent, RCW 46.60.080, and this is sufficient to inform the jury fully on the matter. That instruction, however, does not refer to the primary duty of the following driver to avoid collision, nor the fact that one who runs into the car ahead is negligent in the absence of some emergency or unusual condition not caused by the following driver's own negligence. The absence of any instruction drawing attention of the jury to this principle fails to guide the jury in the proper approach to be made in considering the issues in the case.

■ Respondent questions the sufficiency of appellant's exception to refusal to give the requested instruction. Appellant's counsel in excepting, read the requested instruction followed by rather general remarks on the propriety of the request. Rule of Pleading, Practice and Procedure 51.16W requires that the exceptions be sufficiently specific to apprise the judge of the points of law and the questions of fact in dispute. The requested instruction was brief and covered only one principle of law. If the requested instruction had referred to more than one point of law or question of fact, a different question would be presented. In this case the point of law is made clear and specific by reading the requested instruction. It speaks for itself. Appellant could hardly have made his point more clear. *Brunner v. John*, 45 Wn.2d 341, 274 P.2d 581 (1954); *Gregory v. Peabody*, 153 Wash. 99, 279 Pac. 102 (1929); *State v. Powell*, 159 Wash. 285, 293 Pac. 280 (1930).

■ We will briefly discuss other questions which may arise upon retrial, the first of which is the trial court's refusal to give appellant's requested instruction No. 4. This request related to the responsibility of the owner of an automobile to have knowledge of defects which would have been revealed by reasonable inspection. It is true that appellant's requested instruction was approved in the case of *Curtis v. Blacklaw*, 66 Wn.2d 484, 403 P.2d 358 (1965), when submitted to the jury with another instruction that the driver is not negligent if brakes have previously functioned properly and suddenly fail, unless the driver knew, or in the exercise of reasonable care, should have known, of the defective condition of the brakes. In instruction No.12 in this case the trial court instructed the jury that one has the duty of performing or causing to be performed reasonable inspection and maintenance of his automobile. The jury was also told that the law of the state provides that all brakes shall be maintained in good and working order, and that every motor vehicle shall be equipped with service brakes adequate to control the movement of and to stop and hold such vehicle under all conditions of loading and on any grade incident to the operation of said vehicle. The jury was further told that any violation of the law is negligence per se. We find that the respondent's duty to maintain brakes was adequately presented to the jury and that the substance of requested instruction No. 4 was covered by the instructions given.

■ Appellant asserts that instruction No. 12 was erroneous in referring to a latent defect in the brake system. A latent defect was defined as a defect of which the owner had no knowledge, or which, in the exercise of reasonable care, he should have no knowledge. As so defined, we find no error in the use of the word "latent." Whether or not the damaged hose could or should have been discovered by reasonable inspection was a disputed fact in the case and respondent was entitled to have the jury instructed that he could not be held negligent for a defect of which he had no knowledge, or which in the exercise of reasonable care he should have no knowledge.

Appellant next contends that the trial court erred in permitting a witness, Charles V. Smith, to testify regarding a test which he made. Mr. Smith testified that the hose in respondent's vehicle had been installed with torsion or twist. He conducted a test on another 1959 Ford, using a hose similar to the one removed from respondent's car. He made a twist in the hose, turned the wheel sharply to the left and revolved the left wheel 500 times. This caused a marked abrasion on the hose due to rubbing against the rim. Such testimony was offered to prove that the hose could quickly develop a hole and to disprove testimony offered by appellant that the hose could not rub against the rim. Any variance in conditions between the vehicle used in the test and respondent's vehicle went to the weight of the testimony rather than to its admissibility. It was competent and relevant as tending to prove respondent's contention as to the manner in which the hose was damaged. The experimental automobile was sufficiently similar to permit evidence of the test.

The trial court is given a wide discretion in determining admissibility of evidence as to tests and we will reverse only for an abuse of such discretion. *Knight v. Borgan,* 52 Wn.2d 219, 231, 324 P.2d 797 (1958); *State v. McMurray,* 47 Wn.2d 128, 286 P.2d 684 (1955); *Amsbary v. Grays Harbor Ry. & Light Co.,* 78 Wash. 379, 393, 139 Pac. 46 (1914). We find no abuse of discretion.

Appellant's contention that a directed verdict on liability in his favor should have been granted is clearly without merit. Reasonable minds could differ on whether or not the worn and abraded surface of the hose should have been discovered by a reasonable inspection and whether or not respondent was liable under the following car doctrine. These questions were for the jury.

For error in refusing to give the requested instruction No. 3, the judgment is reversed with instructions to grant a new trial.

FINLEY, C. J., DONWORTH, HUNTER, and HAMILTON, JJ., concur.