Argued November 29, 1971, reversed and remanded
January 14, 1972

CITY OF PORTLAND, *Appellant, v.* GUY LEE
KREUTZ (No. C-71-05-1473), *Respondent.*

492 P2d 824

*Richard A. Braman,* Senior Deputy City Attorney, Portland, argued the cause and filed the brief for appellant. With him on the brief was Marian C. Rushing, City Attorney, Portland.

*Oscar D. Howlett,* Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

SCHWAB, C. J.

Defendant was convicted in the Portland Municipal Court of violation of city ordinance 16.12.110① which reads:

"(a) It is unlawful for any person to operate a vehicle on a street in a careless manner. As used in this section, 'a careless manner' means a manner that endangers or would be likely to endanger any person or property.

"* * * * * *"

On appeal the circuit court sustained a demurrer to the charge on the ground that the ordinance "is unconstitutionally vague and indefinite." We disagree with that ruling.

*State of Oregon v. Wojahn,* 204 Or 84, 282 P2d 675 (1955), tells us that an enactment such as the one here involved meets constitutional requirements. In *Wojahn,* the defendant was indicted under ORS 163.090 which at the time,② read in pertinent part:

"When the death of any person ensues within one year as the proximate result of injuries caused

---

① This ordinance is substantially identical to ORS 483.343.

② In 1957, ORS 163.090 was repealed, and ORS 163.091 enacted in its stead. Oregon Laws 1957, ch 396, p 549.

by the driving of any motor vehicle in a negligent manner * * * the person so driving such vehicle * * * is guilty of negligent homicide * * *."

Then, and now, ORS 161.010 provided:

"As used in the statutes relating to crimes and criminal procedure, unless the context requires otherwise:

"* * * * * *

"(2) 'Neglect,' 'negligence,' 'negligent' and 'negligently' import a want of such attention to the nature or probable consequences of the act or omission referred to as a prudent man ordinarily bestows in acting in his own concerns.

"* * * * * *"

In *Wojahn,* the court noted:

"The defendant-respondent does not claim that the indictment fails to charge him with negligence. His challenge of the indictment is in fact a challenge of ORS 163.090. The defendant's brief makes these charges against the act * * *:

"* * * * * *

"'(b) Said statute is so vague and indefinite that respondent's right to demand the nature and cause of the accusation against him is denied and impaired and, therefore, violates Article I, Section 11, Oregon Constitution'." 204 Or at 87.

The court held the negligent homicide statute, ORS 163.090, constitutional:

"* * * Although the decisions stress the importance of framing penal laws in terms which will readily disclose the acts and conduct which are proscribed, yet the courts realize the insuperable difficulty which a legislative draftsman would encounter if he were required to describe with precision every dangerous act which people may commit in carrying on a segment of their activi-

ties, such as motoring, and which he wishes to outlaw. Therefore, he may catalog a broad category of conduct which he wishes to prohibit by referring to it as negligent driving * * *." 204 Or at 137.

"The defendant argues that the act is too vague in its demands to permit a motorist to know when he has violated its terms * * *. We do not think that the act is vague. We believe that if a motorist, through negligent driving, caused a death, he would have no trouble in reasoning out for himself the course he should pursue in the future * * *." 204 Or at 141.

See also, State v. Samter, 4 Or App 349, 479 P2d 237 (1971).

■ We interpret the word "careless" as used in ORS 483.343 from which the ordinance was copied as synonymous with the word "negligent."

The sole authority cited to us by defendant is Fluegge, Oregon's New Careless Driving Statute—An Unconstitutional Catch-All, 6 Will L J 535 (1970). The thrust of that article is:

"The new careless driving statute, ORS 483.343, lacks these necessary standards. It does not define the acts which it prohibits. * * * According to the statute, any act which endangers person or property is criminal. So an act which has this specific effect [that effect which endangers or would be likely to endanger any person or property], whether that act is reasonable or unreasonable subjects one to liability. * * * It prohibits all conduct having the effect of endangering a person or property. * * * Consequently, the vagueness of ORS 483.343 should render it unconstitutional." 6 Will L J at 539-40.

■■ It is not the function of a court to lightly cast aside as unconstitutional a legislative enactment

merely because it is inartfully drawn; rather, as we stated in *State v. Gulbrandson,* 2 Or App 511, 513, 470 P2d 160 (1970):

> "* * * A criminal statute will be stricken down for indefiniteness only if it cannot be saved wholly or in part by judicial application of the rules of statutory construction. * * * When a statute is capable of constitutional construction courts are not entitled to adopt a construction which will render the statute unconstitutional, but, on the contrary, are obligated to give it a constitutional interpretation. *State v. Hodges,* 254 Or 21, 457 P2d 491 (1969); *State v. Harmon,* 225 Or 571, 358 P2d 1048 (1961); *State v. Anthony,* supra [179 Or 282, 169 P2d 587, *cert denied* 330 US 826, 67 S Ct 865, 91 L Ed 1276 (1946)]."

Accordingly, we do not construe the questioned ordinance as meaning that any act of driving no matter how careful and prudent is criminal if it in fact endangers or would be likely to endanger any person or property, but, rather, that an act of driving is criminal if both negligent and dangerous.

Reversed and remanded.