[No. 42690.    En Banc.    November 29, 1973.]

THE CITY OF SPOKANE, *Respondent,* v. DONALD J. VAUX, *Appellant.*

*Donald J. Vaux,* pro se.

*Richard F. Wrenn, Corporation Counsel,* and *Patrick B. Cerutti, Assistant,* for respondent.

WRIGHT, J.—This is an appeal from a conviction of negligent driving under Spokane City Ordinance No. C19114, Code § 46.61.525.

On February 2, 1972, at approximately 8 a.m. in the vicinity of the intersection of Division and Trent Streets in Spokane, an automobile driven by appellant was involved in a rear-end collision with a vehicle driven by the complaining witness. Except for the operators of the two vehicles, there were no eyewitnesses to the accident. The Spokane city police investigated the accident and, on February 7, 1972, appellant was cited for operating a motor vehicle in a negligent manner as proscribed by Spokane City Ordinance No. C19114, Code § 46.61.525. On February 16, 1972, appellant was found guilty in Spokane Municipal Court of this charge. He appealed.

On April 10, 1972, appellant was tried de novo in the Spokane County Superior Court. The complaining witness testified that on the morning in question, she was proceeding north in the center lane of Division Street at about 10-15 m.p.h. As she approached the intersection of Division and Trent Streets, she noticed the traffic signal turn from green to amber and stopped her vehicle in a normal fashion. Shortly thereafter, the rear of her vehicle was struck by the front of appellant's vehicle, damaging her vehicle's bumper and trunk lid.

Appellant testified that his vehicle was approaching the intersection in the same direction at about 20 m.p.h., when

the vehicle ahead of him suddenly stopped on a green light substantially within the intersection.

The investigating officer testified that appellant's vehicle, equipped with studded tires, had skidded some 51 feet on an icy spot on the pavement before impact. This officer further testified that he had determined the point of impact from the debris present at the accident scene and that the point of impact was 3 feet south of the extended curb line of Trent Street.

After one-half day of trial, appellant was convicted. A $45 fine was suspended. Appellant then appealed to Division Three of the Court of Appeals. Subsequently the case was transferred to this court.

The first issue raised on appeal is whether Spokane City Ordinance No. C19114, Code § 46.61.525 is constitutional under the due process clauses of the fifth and fourteenth amendments to the United States Constitution.

The ordinance in question provides:

> 46.61.525 Operating Motor Vehicle in a Negligent Manner. It shall be unlawful for any person to operate a motor vehicle in a negligent manner over and along the public highways of the City of Spokane. For the purpose of this section to "operate in a negligent manner" shall be construed to mean . . . in such a manner as to endanger or be likely to endanger any persons or property.
>
> The offense of operating a vehicle in a negligent manner shall be considered to be a lesser offense than, but included in, the offense of operating in a reckless manner, and any person charged with operating a vehicle in a reckless manner may be convicted of the lesser offense of operating a vehicle in a negligent manner. Any person violating the provisions of this section will be guilty of a misdemeanor: provided, that the director of licenses shall not revoke any license under this section.

The question of the constitutionality of this ordinance (or the identical state statute RCW 46.61.525) has not previously been before this court. In interpreting municipal ordinances, the courts employ the same rules of

construction as in the interpretation of state statutes. *Seattle v. Green,* 51 Wn.2d 871, 322 P.2d 842 (1958).

■ A statute is presumed to be constitutional unless its repugnancy to the constitution can be clearly demonstrated. *State v. Dixon,* 78 Wn.2d 796, 479 P.2d 931 (1971). Moreover, the one who challenges the constitutionality of a statute carries a heavy burden. *State v. Primeau,* 70 Wn.2d 109, 422 P.2d 302 (1966); *State ex rel. Albright v. Spokane,* 64 Wn.2d 767, 394 P.2d 231 (1964).

Appellant's attack upon the constitutionality of the ordinance in question is bifurcated. First, appellant contends that the ordinance is void for vagueness because it fails to give the operator of a motor vehicle fair warning as to what conduct is forbidden. Secondly, appellant contends that the ordinance is void for vagueness because it encourages arbitrary and erratic arrests and convictions. As pointed out by appellant, an ordinance may be void for vagueness if it has the effect of placing unfettered discretion as to enforcement in the hands of police officers and prosecutors.

■ The due process clauses of the Fifth and Fourteenth Amendments require that people be given notice of what is prohibited. "Common intelligence" is the test of what is fair warning. *State v. Reader's Digest Ass'n,* 81 Wn.2d 259, 501 P.2d 290 (1972). Thus, if men of ordinary intelligence can understand a penal statute, notwithstanding some possible areas of disagreement, it is not wanting in certainty. *State v. Dixon, supra.*

■■ Appellant alleges that the ordinance prohibits *any* act which has the effect of endangering persons or property; and thus the prohibition is void for vagueness because there is no such thing as the operation of a motor vehicle incapable of endangering persons or property. To so interpret this ordinance to include those dangers inherently attendant to the normal operation of a motor vehicle clearly does violence to the legislative intent. Where a statute is susceptible to more than one interpretation, the court

will adopt a construction which will sustain its constitutionality, if possible. *State ex rel. Morgan v. Kinnear,* 80 Wn.2d 400, 494 P.2d 1362 (1972). Moreover, a criminal statute must be narrowly construed so that it can be upheld against a challenge of vagueness. *United States v. Metcalf,* 435 F.2d 754 (9th Cir. 1970).

■ A criminal statute need not set forth with absolute certainty every act or omission which is prohibited if the general provisions of the statute convey an understandable meaning to the average person. This is especially true where the subject matter does not admit of precision. *State v. Jacobsen,* 78 Wn.2d 491, 477 P.2d 1 (1970). No legislative body could accurately anticipate every possible circumstance which might arise in the operation of motor vehicles and legislate specifically concerning it.

■ In a recent case, an Oregon court upheld the constitutionality of a Portland ordinance substantially similar to the Spokane ordinance in question, with the exception that the word "careless" was used instead of the word "negligent." However, the Oregon court interpreted the word "careless" as being synonymous with the word "negligent." We adopt the statutory interpretation of the Oregon court that the ordinance should not be interpreted to mean that *any* act of driving no matter how careful and prudent is criminal if it "endangers or would be likely to endanger any person or property." Rather, the ordinance should be more narrowly construed to mean that driving is criminal if both negligent and dangerous. *Portland v. Kreutz,* 7 Ore. App. 618, 492 P.2d 824 (1972).

When construed as indicated, language of the ordinance is adequate to apprise the operator of a motor vehicle with reasonable certainty as to what conduct is forbidden. *Cf. Seattle v. Morrow,* 45 Wn.2d 27, 273 P.2d 238 (1954). Likewise the ordinance in question does not encourage arbitrary and erratic arrests and convictions since it sets forth the above standard of "negligent and dangerous" to govern the exercise of police discretion in enforcing the ordinance.

From the foregoing, it is clear that appellant has not demonstrated the ordinance's unconstitutionality. Accordingly, it is concluded that the Spokane ordinance is valid and enforceable.

The second issue raised on appeal is whether the trial court erred in entering findings of fact Nos. 6, 9 and 10.

In reference to finding of fact No. 6, appellant seeks to raise the question of the credibility of the complaining witness concerning her testimony about the signal change at the intersection and the position of her vehicle after impact. The Supreme Court will not undertake reevaluation of the credibility of witnesses, for such review is not the function of an appellate court. *State v. Hoffman,* 64 Wn.2d 445, 392 P.2d 237 (1964); *State v. Nesrallah,* 66 Wn.2d 248, 401 P.2d 968 (1965).

Finding of fact No. 9 is to the effect that appellant operated his vehicle at a speed in excess of that which was safe under existing road conditions. Finding of fact No. 10 essentially is that appellant followed the vehicle of the complaining witness at too close a distance for a safe approach to the intersection under existing conditions and at the speed involved.

It is true that there was conflicting testimony as to the traffic signal change, exactly where the complaining witness stopped, and the point of impact. However, the Supreme Court will not try de novo questions of fact tried to a court below without a jury. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959); *Rice v. Johnson,* 62 Wn.2d 591, 384 P.2d 383 (1963). This court's inquiry is limited to whether the findings are supported by substantial, albeit disputed and conflicting, evidence in the record. *Ladley v. Saint Paul Fire & Marine Ins. Co.,* 73 Wn.2d 928, 442 P.2d 983 (1968). Where such findings, as here, are found to be supported by substantial evidence, they will not be disturbed on appeal. *Sylvester v. Imhoff,* 81 Wn.2d 637, 503 P.2d 734 (1972).

The third issue raised on appeal is whether the trial

132

court erred in entering finding of fact No. 11 and conclusion of law No. 1.

█ Finding of fact No. 11 is to the effect that the circumstances surrounding the collision did not indicate the collision was unavoidable. In the absence of an emergency or unusual conditions, the following driver is negligent if he collides with the vehicle ahead. *Bichl v. Poinier*, 71 Wn.2d 492, 429 P.2d 228 (1967). The driver of the forward vehicle does not create an emergency by obeying a traffic signal. *Brummett v. Cyr*, 56 Wn.2d 904, 355 P.2d 994 (1960).

Conclusion of law No. 1 is that appellant failed to exercise the caution of a reasonable and prudent man and that the manner in which he operated his motor vehicle endangered or was likely to endanger persons or property so as to constitute negligent driving. This conclusion of law is adequately supported by the findings of fact.

The judgment of the trial court is affirmed.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, UTTER, and BRACHTENBACH, JJ., concur.