Argued April 25, reversed and remanded December 11, 1978

# STATE OF OREGON, *Appellant,*
## *v.*
# ROYCE WILLIAMS, *Respondent.*
### (No. 24482, CA 9795)
587 P2d 1049

Charles E. Luukinen, Deputy District Attorney, Dallas, argued the cause and filed the brief for appellant.

Marianne Oswald, Deputy Public Defender, Salem, argued the cause for respondent. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

TANZER, J.

## TANZER, J.

The trial court sustained defendant's demurrer to an information charging him with the crime of supplying contraband, ORS 162.185, and the state appeals. The issue is whether the definition of contraband in ORS 162.135 is unconstitutionally vague. We hold that the statute is valid.

ORS 162.185(1) provides:

"A person commits the crime of supplying contraband if:

"(a) He knowingly introduces any contraband into a correctional facility, juvenile training school or state hospital; or

"(b) Being confined in a correctional facility, juvenile training school or state hospital he knowingly makes, obtains or possesses any contraband."

The complaint alleged that defendant knowingly possessed marijuana while confined in the county jail.

ORS 162.135(1) defines contraband as

"* * * any article or thing which a person confined in a correctional facility * * * is prohibited by statute, rule, regulation or order from obtaining or possessing, and *whose use would endanger the safety or security of such institution or any person therein.* (Emphasis supplied.)

Defendant contends that the italicized phrase is unconstitutionally vague because it does not give adequate notice of what conduct is prohibited.

The statutory provisions at issue in this case were recently construed by the Supreme Court in *State v. Meyer,* 283 Or 449, 583 P2d 553 (1978), and *State v. Franklin,* 283 Or 439, 583 P2d 557 (1978).[1] The definition of contraband in ORS 162.135(1) contains two prongs: First, possession of the item in question must be prohibited and, second, its use must endanger the safety or security of the correctional facility or some person therein. *Meyer* holds that the statute is

---

[1] This case was held in abeyance after argument pending Supreme Court disposition of *Meyer* and *Franklin.*

broad enough to include marijuana as contraband if the requisite danger is proven and that an information alleging defendant's possession of marijuana in jail was sufficient to charge a crime. In *Franklin,* the Supreme Court reversed a conviction for supplying contraband based on possession of marijuana because it found as a matter of law that the state's evidence was insufficient to present a jury question on whether the "use" of the item was dangerous.

Defendant in this case challenges the same statutory provision that was construed in *Meyer* and *Franklin,* but the basis of defendant's contention is broader than the questions presented in those cases. Here we must decide whether the definition of contraband in ORS 162.135(1) is so vague that it violates due process on its face and therefore could not constitutionally be applied to any prohibited item at all.

■  Due process requires that penal statutes provide an adequate basis for judicial determination of whether particular conduct is criminal. The statute must establish a standard for the trial court's decision whether to submit a case to the jury and it must provide a framework for the jury's determination of guilt or innocence. If the terms of a statute are so elastic that the determination of guilt or innocence in individual prosecutions must necessarily be ad hoc, the statute is unconstitutionally vague. *State v. Hodges,* 254 Or 21, 25, 27-28, 457 P2d 491 (1969); *State v. Sanderson,* 33 Or App 173, 176-77, 575 P2d 1025 (1978).

■  A determination of whether a statute is void for vagueness necessarily involves questions of degree. The legislature need not define an offense with such exactitude that a person could determine in advance whether specific conduct in all possible factual circumstances will be found to be an offense. *State v. Samter,* 4 Or App 349, 352, 479 P2d 237 (1971). The standard need not be so exact that persons affected by it will never be required to hazard their freedom upon a correct assessment of the manner in which a jury will

resolve a question of degree. *State of Oregon v. Wojahn,* 204 Or 84, 137, 282 P2d 675 (1955). The notice aspect of the vagueness doctrine may be significant in certain circumstances but it has little practical meaning in a case like this. It is unlikely that one checks the statute before possessing marijuana in jail. People know they run the risk of penal sanction if they possess marijuana in jail without ever having read the criminal code. The statute is not void for failure to give specific notice of what it forbids.

Under *Franklin,* the question of whether use of a particular item in a correctional facility would endanger the safety and security of the facility is a matter to be proved at trial; if the evidence is sufficient, the dangerousness is a question of fact for the jury. Several statutes which allocate a similar role to the trier of fact have been upheld as sufficiently specific. In *State v. Popiel,* 216 Or 140, 147, 337 P2d 303 (1959), the phrase "by means of force likely to produce great bodily injury" in former ORS 163.255 was held not unconstitutionally vague, the question of whether the force used was likely to produce such injury being generally for the jury. In *City of Portland v. Kreutz,* 7 Or App 618, 492 P2d 824 (1972), this court held that an ordinance making it unlawful to operate a vehicle in a manner that endangers or would be likely to endanger any person or property was not unconstitutionally vague, the issue being one of fact. *See also, State of Oregon v. Wojahn, supra* (negligent homicide statute not unconstitutionally vague); *State v. Samter, supra* (cruel mistreatment of child).

The two-pronged definition of contraband in ORS 162.135(1) is less vague than the statutory standards sustained in *Popiel* and *Kreutz.* The first prong, which requires that possession of the article be prohibited by statute, rule, regulation or order, gives precise notice as to the range of items that may fall within the category of contraband.[2] In this case, this requirement

---

[2] A prosecution under ORS 162.185 requires proof that defendant had knowledge that possession of the article was, in fact, prohibited. Commentary to Proposed Oregon Criminal Code, § 194 (1970).

[ 423 ]

is satisfied by ORS 167.207, which prohibits possession of marijuana by anyone. The second part of the definition adds the requirement of competent proof that use of the article would endanger the safety or security of the institution or a person therein. The jury's assessment of danger may vary according to the proof, but that does not render the statute unconstitutionally vague. *State of Oregon v. Wojahn,* 204 Or at 137: *State v. Samter,* 4 Or App at 352.

The definition of contraband in ORS 162.135(1) is valid on its face. Since this case comes to us on demurrer, we do not here consider what quality or quantum of evidence is necessary to prove dangerousness under the statute. *Cf., State v. Franklin,* supra.

Reversed and remanded.