Submitted on record and brief November 28, 1983, affirmed January 11, 1984

# STATE OF OREGON,
*Respondent,*

*v.*

# DENNIS SARRIUGARTE,
*Appellant.*

## (8111-3093; CA A28550)

674 P2d 82

Richard W. Condon, Salem, filed the brief for appellant.

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Roy Pulvers, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for "careless driving," a class B traffic infraction under ORS 487.235. He assigns as error the trial court's denial of his motion to dismiss. ORS 487.235(1) provides:

"A driver shall not drive a vehicle upon a highway or premises open to the public, as defined in ORS 487.535(2) *in a manner that endangers or would be likely to endanger any person or property.*" (Emphasis supplied.)

Defendant's sole contention on appeal is that the emphasized language is impermissibly vague and therefore violates the Fourteenth Amendment to the federal constitution and Article I, §§20 and 21, of the Oregon Constitution.

The parties disagree at the outset about whether the constitutional void-for-vagueness doctrine applies to a "decriminalized" traffic infraction. *See Megdal v. Board of Dental Examiners,* 288 Or 293, 605 P2d 273 (1980); *Groener v. Oregon Gov't Ethics Comm.,* 59 Or App 459, 651 P2d 736 (1982). We do not reach that issue, because ORS 487.235(1) is patently free of the defect defendant ascribes to it.[1] We have held that comparable wording in *criminal* statutes is not vague. *See State v. Crane,* 46 Or App 547, 612 P2d 735, *rev den* 289 Or 903 (1980) (rejecting a vagueness challenge to the phrase "any other means that creates a substantial risk of physical injury to any person," as used in ORS 162.315, the resisting arrest statute); *State v. Williams,* 37 Or App 419, 587 P2d 1049 (1978) (upholding against a similar challenge the words "whose use would endanger the safety or security of such institution or any person therein" in the definition of "contraband" in ORS 162.135(1)). Indeed, the language of ORS 487.235(1) is at least as informative about the conduct it proscribes and at least as capable of objective adjudicative application as are many standard civil or criminal jury instructions, *e.g.* those relating to negligence, recklessness and certain culpable mental states.

---

[1] In *Groener v. Oregon Gov't Ethics Comm., supra,* we questioned whether the " 'fair warning' requirement of the Due Process Clause" applied to the civil penalty involved in that case. 59 Or App at 469. We nevertheless decided the merits of the petitioner's vagueness argument. Courts strive to decide lesser questions before reaching constitutional issues. However, here, as in *Groener,* the issue we do not reach is also constitutional, and it has much broader ramifications than the issue we do decide.

Defendant argues:

"* * * Take virtually any statute out of Chapter 483 or 487 and it will fit the proscriptions of Careless Driving. Start with equipment violations. Driving when headlights required, taillights, brakes, horns, tires, mirrors, wipers; failure to comply with any of these statutes would be operating a vehicle in a manner likely to endanger any person or property. In Chapter 487, speeding, improper turns, failure to stop, driving on the wrong side of the road; again, all such offenses would fit within ORS 487.235. It should be noted that most of these offenses are Class B traffic infractions as is Careless Driving. Why then should it matter whether a person is cited for careless driving or one of the above-mentioned violations? * * * The statute has been used; for a catch-all when an officer could not find another violation which quite fit; as a punitive measure when the officer could have cited for an existing Class B infraction, but desired to enhance the effect upon the driver; as a plea bargaining tool from a major traffic offense. It is most commonly viewed on a driving record as a plea-bargained Driving Under the Influence of Intoxicants."

 Defendant points to nothing in the record to support those assertions.[2] However, assuming that the assertions could be substantiated, they would not assist him. It is true that one of the purposes of the vagueness doctrine is to prevent arbitrary or discriminatory application of the criminal law. *See Grayned v. City of Rockford,* 408 US 104, 108-09, 92 S Ct 2294, 33 L Ed 2d 222 (1972); *State v. Robertson,* 293 Or 402, 409, 649 P2d 569 (1982). It does not follow that the pattern of discriminatory or arbitrary application at which defendant hints makes the statute vague. The question here is whether the words of a statute *can* be applied non-arbitrarily, not whether a clear statute *is* applied arbitrarily. Although arbitrary application of a clear statute might have constitutional implications, vagueness is not among them. Defendant does not contend that the statute suffers from any constitutional infirmity other than vagueness. The trial court's denial of the motion to dismiss was correct.

Affirmed.

---

[2] The summary of facts in defendant's brief states:

"Defendant presents a question of a pure legal nature and the facts herein are not germane to such a determination."