[No. 30050-1-III.    Division Three.    July 26, 2012.]

THE STATE OF WASHINGTON, *Respondent*, v. CARL J. PRICE, *Appellant*.

*Douglas D. Phelps* (of *Phelps & Associates PS*), for appellant.

*D. Angus Lee, Prosecuting Attorney*, and *Carole L. Highland, Deputy*, for respondent.

¶1  BROWN, J. — Carl J. Price appeals the trial court's 2011 decision under RCW 9.94A.709 to extend one of his 2004 community custody conditions imposed in his first degree child molestation conviction. He contends the extension violates double jeopardy, ex post facto, and due process principles because RCW 9.94A.709 was not enacted until 2008. RCW 9.94A.709 allows a court to extend conditions of community custody if the request is made before the completion of a sex offender's term of community custody. We reject Mr. Price's constitutional challenges and affirm.

## FACTS

¶2  In August 2004, the State charged Mr. Price with first degree child molestation. He pleaded guilty, and in December 2004, the court sentenced him to 68 months. The court suspended 62 months under the special sexual offender sentence alternative, RCW 9.94A.670. The judgment and

sentence states, "[T]he defendant is placed on community custody . . . for the length of the suspended sentence, the length of the maximum term sentenced under RCW 9.94A.712 or three years, whichever is greater." Clerk's Papers (CP) at 22. The judgment and sentence notes the maximum term is "LIFE." CP at 18. The court ordered Mr. Price "shall have absolutely no contact with any child under the age of eighteen years, except in the company of a responsible and informed adult, who has been approved by his Community Corrections Officer." CP at 22.

¶3 In March 2011, the State requested to extend Mr. Price's supervision pursuant to RCW 9.94A.709. The Department of Corrections determined Mr. Price's 68 months of supervision would expire on May 31, 2011. In the May 2011 hearing, the State argued that while the court imposed a 68-month limit, the allowed statutory limit for his crime was a life sentence. Mr. Price argued the extension of the conditions violated ex post facto and double jeopardy protections. The court extended, for life, Mr. Price's condition that he "[h]ave no contact with any children under the age of eighteen years, except in the company of a responsible and informed adult." CP at 76. Mr. Price appealed.

## ANALYSIS

### A. Ex Post Facto and Double Jeopardy

¶4 The issue is whether the extension of Mr. Price's community custody restriction against contact with minors violates ex post facto and double jeopardy principles. Mr. Price contends he is being wrongly punished under a statute not enacted at the time of his offense and being punished twice for the same crime.

¶5 We review de novo whether the trial court had statutory authority to impose community custody conditions. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). Moreover, we review constitutional challenges

de novo. *State v. Vance*, 168 Wn.2d 754, 759, 230 P.3d 1055 (2010).

■ ¶6 A defendant may not be prosecuted under a statute that (1) punishes as a crime an act that was lawful when committed, (2) makes more burdensome the punishment for a crime after its commission, or (3) deprives a defendant of any defense available by law at the time the act was committed. *State v. Wilson*, 117 Wn. App. 1, 9, 75 P.3d 573 (2003). To violate ex post facto prohibitions, "[t]he law must be substantive and retrospective, and must disadvantage the person affected by it." *Id.*

■ ■ ¶7 Likewise, the Fifth Amendment to the United States Constitution and Washington Constitution article I, section 9 protect a defendant against multiple punishments for the same offense. *State v. Calle*, 125 Wn.2d 769, 772, 888 P.2d 155 (1995). The Washington double jeopardy provision is interpreted to be coextensive with the Fifth Amendment as interpreted by the United States Supreme Court. *State v. Gocken*, 127 Wn.2d 95, 107, 896 P.2d 1267 (1995).

¶8 Mr. Price pleaded guilty to first degree child molestation, a class A felony. RCW 9A.44.083(1), (2). Class A felonies are punishable by a maximum term of life imprisonment. RCW 9A.20.021(1)(a). While the trial court sentenced Mr. Price to 68 months, the court noted on Mr. Price's judgment and sentence that the maximum term was life.

¶9 At the time of Mr. Price's offense, former RCW 9.94A-.715(5) (2007) partly provided:

> At any time prior to the completion or termination of a sex offender's term of community custody, if the court finds that public safety would be enhanced, the court may impose and enforce an order extending any or all of the conditions . . . for a period up to the maximum allowable sentence for the crime as it is classified in chapter 9A.20 RCW, regardless of the expiration of the offender's term of community custody.

In nearly identical language, RCW 9.94A.709(1) states:

> At any time prior to the completion or termination of a sex offender's term of community custody, if the court finds that

public safety would be enhanced, the court may impose and enforce an order extending any or all of the conditions of community custody for a period up to the maximum allowable sentence for the crime as it is classified in chapter 9A.20 RCW, regardless of the expiration of the offender's term of community custody.

■ ¶10 The plain statutory language in effect in both 2004 and 2011 allows the court to extend community custody conditions up to the maximum allowable sentence. The judgment and sentence clearly states the maximum term is "LIFE." CP at 18. Thus, no new punishment or multiple punishments for the same offense are imposed. Therefore, ex post facto and double jeopardy principles are not violated. In sum, the court's extension of the restriction against contact with minors for life was statutorily authorized without ex post facto or double jeopardy violations.

## B. Due Process

¶11 The issue is whether RCW 9.94A.709 violates due process principles. Mr. Price contends the statute is unconstitutional because it does not provide community custody extension standards.

■ ■ ¶12 We review de novo constitutional statutory challenges. *State v. Shultz*, 138 Wn.2d 638, 643, 980 P.2d 1265 (1999). Statutes are presumed constitutional. *City of Spokane v. Vaux*, 83 Wn.2d 126, 129, 516 P.2d 209 (1973). The challenging party must prove unconstitutionality beyond a reasonable doubt. *State v. Maciolek*, 101 Wn.2d 259, 263, 676 P.2d 996 (1984).

■ ¶13 A statute violates due process principles if (1) it " 'does not define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is proscribed' " or (2) it " 'does not provide ascertainable standards of guilt to protect against arbitrary enforcement.' " *State v. Williams*, 144 Wn.2d 197, 203, 26 P.3d 890 (2001) (internal quotation marks omitted) (quoting *City of Bellevue v. Lorang*, 140 Wn.2d 19, 30, 992 P.2d 496 (2000)).

■ ¶14 "The requirement that penal statutes define a criminal offense with sufficient definiteness . . . protects individuals from being held criminally accountable for conduct which a person of ordinary intelligence could not reasonably understand to be prohibited." *City of Spokane v. Douglass*, 115 Wn.2d 171, 178-79, 795 P.2d 693 (1990) (citing *Rose v. Locke*, 423 U.S. 48, 49, 96 S. Ct. 243, 46 L. Ed. 2d 185 (1975)). "Accordingly, the test for whether the penal statute is sufficiently definite is common intelligence." *Id.* at 179 (citing *State v. Motherwell*, 114 Wn.2d 353, 369, 788 P.2d 1066 (1990)).

■ ¶15 RCW 9.94A.709 provides, "At any time prior to the completion or termination of a sex offender's term of community custody, if the court finds that public safety would be enhanced, the court may impose and enforce an order extending any or all of the conditions of community custody."

¶16 This statute clearly specifies the time frame to extend conditions (prior to completion of community custody), the criteria (public safety), and the consequence (extension of conditions). The statute, therefore, is sufficiently definite based on common intelligence and does not violate due process principles. "What is forbidden by the due process clause are criminal statutes that contain no standards and allow police officers, judge, and jury to subjectively decide what conduct the statute proscribes or what conduct will comply with a statute in any given case." *Maciolek*, 101 Wn.2d at 267. Mr. Price fails to prove the unconstitutionality of RCW 9.94A.709 beyond a reasonable doubt.

¶17 Affirmed.

SIDDOWAY, A.C.J., and KULIK, J., concur.

Review denied at 176 Wn.2d 1003 (2013).